MICHAEL E. DERGOSITS (State Bar No. 118206)
TEDDY K. JOE (State Bar No.  242589)
DERGOSITS & NOAH, L.L.P.
Three Embarcadero Center, Suite 410
San Francisco, CA 94111
Telephone:      (415) 705-6377
Facsimile:      (415) 750-6383
Email: mdergosits@dergnoah.com
Email: tjoe@dergnoah.com

WILLIAM W. FLACHSBART (IL State Bar No. 6237069) (of counsel)
ROBERT P. GREENSPOON   (IL State Bar No. 6229357) (of counsel)
MICHAEL R. LA PORTE (IL State Bar No. 6237510) (of counsel)
FLACHSBART & GREENSPOON, LLC
The Monadnock Building
53 W. Jackson Blvd, Suite 652
Chicago, Illinois 60604
Telephone:      (312) 431-3800
Facsimile      (312) 431-3810
Email: wwf@fg-law.com
Email: rpg@fg-law.com
Email: mrl@fg-law.com

Attorneys for Defendant TeleCommunication Systems, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEWEGG INC., a Delaware corporation, | Case No. CV-09-0982 JL |
| Plaintiff, | **DEFENDANT'S NOTICE AND MOTION TO TRANSFER VENUE** |
| v. | |
| TELECOMMUNICATION SYSTEMS, INC., a Maryland corporation, | **Hearing Date:  May 20, 2009**<br>**Hearing Time: 9:30 a.m.** |
| Defendant. | **Location: Courtroom F, 15th Floor**<br>**Judge: Magistrate Judge James Larson** |

1

<strong>TABLE OF AUTHORITIES</strong>

2

**Page(s)**

**CASES**

3

*Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc.,*
4    2006 U.S. Dist. LEXIS 37641 (C.D. Cal. 2006) ...................................9
*Catch Curve, Inc. v. Venali, Inc.,*
5    2006 U.S. Dist. LEXIS 96379 (C.D. Cal. 2006) ...................................8
*Decker Coal Co. v. Commonwealth Edison Co.,*
6    805 F.2d 834 (9th Cir. 1986) .................................................................8
*Dragor Shipping Corp. v. Union Tank Car Company,*
7    378 F.2d 241 (9th Cir. 1967) ...............................................................12
*Fabus Corp. v. Asiana Express Corp.,*
8    2001 U.S. Dist LEXIS 2568 (N.D. Cal. 2001) .................................8, 12
*Inherent.com v. Martindale Hubbell, LEXIS/NEXIS Inc.,*
9    420 F. Supp. 2d 1093 (N.D. Cal. 2006).................................................8
*MTS Sys. Corp. v. Hysitron, Inc.,*
10    2006 U.S. Dist. LEXIS 66338 (N.D. Cal. 2006) ..................................8
*Pac. Car & Foundry Co. v. Pence,*
11    403 F.2d 949 (9th Cir. 1968) ............................................................8, 11
*Penntube Plastics Co. v. Fluorotex, Inc.,*
12    336 F. Supp. 698 (D.S.C. 1971) ............................................................9
*Pfizer, Inc. v. Novopharm Ltd.,*
13    2000 U.S. Dist. LEXIS 18153 (N.D. Ill. 2000) ....................................9
*Piper Aircraft Co. v. Reyno,*
14    454 U.S. 235 (1981) ............................................................................12
*Royal Queentex Enters. Inc. v. Sara Lee Corp.,*
15    2000 U.S. Dist. LEXIS 10139 (N.D. Cal. 2000) ................................7, 9
*Securities Investor Protection Corp. v. Vigman,*
16    764 F.2d 1309 (9th Cir. 1985) ...............................................................8
*In re TS Tech USA Corp.,*
17    551 F.3d 1315 (Fed. Cir. 2008) .............................................................8
*Van Dusen v. Barrack,*
18    376 U.S. 612 (1964) ..............................................................................7
*In re Volkswagen of Am., Inc.,*
19    545 F.3d 304 (5th Cir. 2008) .................................................................8
*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.,*
20    2003 U.S. Dist. LEXIS 26802 (N.D. Cal. 2003) ..............................7, 12

**STATUTES**

21

22    28 U.S.C. § 1391 ..................................................................................9
28 U.S.C. § 1404(a) .........................................................................3, 7, 8

23

24

25

26

27

28

2

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 3

I.    STATEMENT OF FACTS ...................................................................................... 3

    A.    Background of the Dispute ........................................................................ 3

    B.    Ownership and Location of the Parties ..................................................... 4

    C.    Witnesses .................................................................................................. 4

        1.    Third Party Witnesses .................................................................. 5

        2.    Party Witnesses ............................................................................ 6

    D.    Other Factors ............................................................................................ 7

II.   THIS COURT SHOULD GRANT
TCS'S MOTION TO TRANSFER VENUE ........................................................... 7

    A.    Legal Standard Applicable to a Motion to Transfer Venue ....................... 7

    B.    The District of Maryland is a Proper Venue for this Matter ...................... 9

    C.    The Convenience of the Parties and
Witnesses Dictates that, in the Interest of
Justice, the Action be Transferred to the District of Maryland ................. 9

    D.    Absence of Any Connection to this Forum
Nullifies any Deference to Newegg's Choice of Forum ........................... 11

CONCLUSION ............................................................................................................. 13

1

## NOTICE OF MOTION AND MOTION

2

3        TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

4        NOTICE IS HEREBY GIVEN that Defendant TeleCommunications Systems, Inc.

5   ("TCS"), by and through its attorneys, hereby moves to transfer venue under 28 U.S.C.§ 1404(a.)

6   This Motion is scheduled for a hearing on May 20, 2009 at 9:30 a.m, or as soon thereafter as

7   counsel may be heard by the above-entitled court, located at 450 Golden Gate Avenue, San

8   Francisco, CA 94102, in the courtroom of the Honorable James Larson.

9        TCS seeks the following relief: a transfer of venue to the United States District Court for

10  the District of Maryland (Baltimore Division) under 28 U.S.C.§ 1404(a.)  This motion is based

11  on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith,

12  the Declaration of Elliott Hamilton, the pleadings and papers on file herein, and such other

13  matters as may be presented to the Court at the time of the hearing.

14

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR TRANSFER OF VENUE

15

16

## INTRODUCTION

17       Defendant TeleCommunication Systems, Inc. ("TCS") is entitled to a transfer of venue to

18  the District of Maryland, because the District of Maryland is a proper and more appropriate

19  venue for this patent suit involving a Delaware corporation and a Maryland corporation; the

20  parties and the witnesses, including several third party witnesses, would be extremely

21  inconvenienced by conducting this case in the Northern District of California; and the current

22  forum has no substantial interest in or connection to this litigation.

23

24  **I.       STATEMENT OF FACTS**

25       **A.       Background of the Dispute**

26       1.       Newegg filed this action against TCS for a declaration of noninfringement and

27  invalidity of two TCS-owned patents.  These earlier of the two patents (No. 6,891,811) was filed

28  in 2000, and the later (No. 7,355,990) was filed in 2005.  The '990 patent is based on the '811

1  patent, and claims priority to its 2000 filing date (Declaration of Elliott Hamilton at ¶ 2,

2  hereinafter "Hamilton Decl. ¶ __ ).

3  **B.     Ownership and Location of the Parties**

4          2.     TCS is a Maryland corporation with its principal place of business at 275 West

5  Street, Annapolis, Maryland, 21401 (the District of Maryland) (Hamilton Decl. ¶ 3).

6          3.     Newegg Inc. ("Newegg") is a Delaware corporation with its principal place of

7  business at 16839 E. Gale Avenue, City of Industry, California 91745 (the Central District of

8  California) (Complaint).

9          4.     Newegg has no place of business in the Northern District of California (its

10  website at www.newegg.com does not list any).  TCS has a small, recently-acquired office in the

11  Northern District of California (in Oakland), but this office and its employees have no

12  relationship to this dispute (Hamilton Decl. ¶ 4).

13          5.     The TCS employees who happen to work in this judicial district (in Oakland) are

14  not potential witnesses in this case.  TCS has almost 600 employees.  Only about twenty of those

15  employees work at TCS's sole office in California, located in Oakland.  The Oakland office

16  came into TCS in 2004 through an acquisition of a company called Kivera.  That acquisition

17  post-dates by several years the inventive work performed by TCS's inventors, Richard A. Smith

18  and Johanna Wilson, who worked in TCS's messaging team in Annapolis, Maryland.  TCS's

19  Oakland office focuses on location-based applications and geo-spatial databases – matters that

20  bear no relationship to the messaging technology described and claimed in the patents-in-suit

21  (Hamilton Decl. ¶ 4).

    **C.     Witnesses**

22          6.     Since this is a patent infringement case, the central issues will be (a) infringement

23  by Newegg, (b) validity of the TCS patents, and (c) damages.

24          7.     No expected TCS or Newegg witness resides in the Northern District of

25  California.

26

27

28

### 1.    Third Party Witnesses

8.    TCS expects that at trial it will call the inventors, Mr. Smith and Ms. Wilson. Inventors are often the most important witnesses in patent cases, on issues relating to infringement and validity.  Both Mr. Smith and Ms. Wilson are former TCS employees, and thus third parties.  Both of them reside and work in Annapolis, Maryland.  Both of them have told TCS management that it would be a great disruption to travel to San Francisco for trial, that they might be unwilling or unable to do so when the time comes, and that it would be far more convenient for them to drive to Baltimore instead (Hamilton Decl. ¶ 5).

9.    TCS expects that at trial it may call, and that Newegg will call, the patent attorney who prosecuted the patents – William Bollman.  Mr. Bollman is a third party.  Mr. Bollman works in Washington, D.C., within the subpoena power of the District of Maryland but outside that of the Northern District of California.  Mr. Bollman has told TCS management that it would be a great disruption to travel to San Francisco for trial, that he might be unwilling or unable to do so when the time comes, and that it would be far more convenient for him to drive to Baltimore instead (Hamilton Decl. ¶ 6).

10.    This case involves technological issues involving what are known as "short codes."  Short codes are usually short, four-to-six digit numbers that owners of mobile devices (such as cell phones) may use to address text messages to companies or individuals who have registered the short codes.  The patents describe the example of texting the word "menu" to 4636, where 4636 is an example short code.  TCS expects that at trial it may call, as objective, nonbiased witnesses to educate the Court and the jury on the technical and operational aspects of common short codes, one or more employees of the nonprofit technical group that administers all United States-based Common Short Codes.  This organization is called the CTIA (formerly, the "Cellular Telecommunications & Internet Association").  The CTIA's offices are in Washington, D.C., a convenient drive from and within the subpoena power of the District of Maryland (Hamilton Decl. ¶ 7).

11.    Other third party witnesses TCS expects that it may call at trial include employees of the Mobile Marketing Association ("MMA").  They would testify on issues of damages

related to the popularity and usefulness of the patented technology.  The MMA is located in New York City, much closer to the District of Maryland than to the Northern District of California (Hamilton Decl. ¶ 8).

12.     TCS may call third party witnesses from a company called 360 Degree Mobile ("360").  TCS believes 360 assisted Newegg with its infringement.  360 is located outside the Northern District of California, in Westlake Village, California (Central District) (Hamilton Decl. ¶ 9).

### 2.     Party Witnesses

13.     TCS may call certain of its own employees on issues related to their witnessing the conception, and participating in the development of, the patented inventions.  All of them work in Annapolis and reside in the District of Maryland (Hamilton Decl. ¶ 10).  These include one or more of:

- Mike Richardson (VP of Messaging and a TCS employee in the messaging group in 2000)
- Mark Titus (Sr. Director of Messaging and a TCS employee in the messaging group in 2000)
- Joe Pohutsky (Senior Director of Carrier Software and a TCS employee in the messaging group in 2000)
- Tim Stotesbery (Director of Network Applications and a TCS employee in the messaging group in 2000)
- Drew Morin (CTO and a TCS employee involved in the messaging development efforts in 2000)
- Tim Lorello (CMO and a TCS employee involved in the messaging development efforts in 2000).

14.     TCS may also call its Senior Director of Strategic Planning, Elliott Hamilton, to testify on damages issues related to patent licensing at TCS.  Mr. Hamilton works in Annapolis and resides in the District of Maryland (Hamilton Decl. ¶ 11).

15.     TCS will call Newegg employees who have knowledge of infringement and damages issues.  On information and belief, all potentially relevant Newegg employee-witnesses are located outside the Northern District of California, likely in the Central District of California.

**D.     Other Factors**

16.     Newegg has adequate resources to file suit in appropriate venues. Newegg boasted $2.1 billion in annual sales in 2008. See www.newegg.com/info/factsheet.aspx.  It has about 1500 employees. See en.wikipedia.org/wiki/newegg (last visited 13 April 2009).

17.     By several measures, the District of Maryland is a more efficient forum for this dispute.  Federal court statistics available at www.uscourts.gov (last visited 13 April 2009) conveyed the following comparative information for 2008:

|  | N.D. Cal. | D. Md. |
|---|---|---|
| Total cases pending | 8,882 | 3,723 |
| Median time from filing to disposition (civil) | 7.7 months | 7.0 months |
| Median time from filing to trial (civil) | 30.0 months | 22.0 months |

**II.     THIS COURT SHOULD GRANT
TCS'S MOTION TO TRANSFER VENUE**

**A.     <u>Legal Standard Applicable to a Motion to Transfer Venue</u>**

A court may transfer a civil action to another district for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  "The purpose of Section 1404(a) is to prevent the waste of 'time energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Royal Queentex Enters. Inc. v. Sara Lee Corp.*, 2000 U.S. Dist. LEXIS 10139, at *6 (N.D. Cal. 2000) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  "The district court has broad discretion to consider case-specific circumstances." *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS 26802, at *4 (N.D. Cal. 2003).

7

To demonstrate that a transfer of venue is warranted, "the defendant must establish that the matter 'might have been brought' in the district to which transfer is sought." *Catch Curve, Inc. v. Venali, Inc.*, 2006 U.S. Dist. LEXIS 96379, at *3 (C.D. Cal. 2006). The Court must then balance the convenience of the parties and of the witnesses with the interest of justice. *Id.* The interest of justice takes into consideration: (1) the relative ease of access to proof, (2) judicial economy, (3) the availability of compulsory processes, (4) docket congestion, and (5) the differences in the costs of litigation in the two forums. *Id.* at *3.

Although the Ninth Circuit also considers the plaintiff's choice of forum, *MTS Sys. Corp. v. Hysitron, Inc.*, 2006 U.S. Dist. LEXIS 66338, at *5 (N.D. Cal. 2006) (citing *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)), if the defendant makes a strong showing of inconvenience, deference to the choice of forum is unwarranted. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Importantly, the deference to the plaintiff's choice of forum is diminished when: "(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." *Catch Curve*, 2006 U.S. Dist. LEXIS 96379, at *4; see also *Inherent.com v. Martindale Hubbell, LEXIS/NEXIS Inc.*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006). A plaintiff's choice of forum has minimal value, or should be given even less consideration, when the plaintiff is not a resident of the judicial district in which it has instituted the suit. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802, at *8; *Fabus Corp. v. Asiana Express Corp.*, 2001 U.S. Dist LEXIS 2568, at *4 (N.D. Cal. 2001).[1]

---

[1] Unlike the Fifth Circuit, see *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008), the Ninth Circuit has not squarely addressed, where the point was contested, whether the plaintiff's choice of forum ought to be considered its own factor, or merely corresponds to the burden that the moving party must meet to demonstrate greater convenience of the transferee forum. The Fifth Circuit does not treat it as its own factor. *Id.*; see also *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (applying *In re Volkswagen* to grant mandamus requiring the Eastern District of Texas to transfer a patent case where no party resided in the Eastern District of Texas). Under the better rule, Newegg's choice of forum should not get separate treatment as its own factor.

1    Still, "[t]he convenience of the witnesses is often the most important factor considered by

2   the Court when deciding a motion to transfer under Section 1404(a)." *Broadcast Data Retrieval*

3   *Corp. v. Sirius Satellite Radio, Inc.*, 2006 U.S. Dist. LEXIS 37641, at *7 (C.D. Cal. 2006).

4   Inconvenience factors include the identity and location of the witnesses, the number of witnesses

5   located in respective districts, and the content and relevance of their testimony. *Royal Queentex*,

6   2000 U.S. Dist. LEXIS 10139, at *18-*19.  Third party witnesses get primary consideration. *Id.*

7   The most significant witnesses in a patent infringement case include the inventors. *Penntube*

8   *Plastics Co. v. Fluorotex, Inc.*, 336 F. Supp. 698, 705 (D.S.C. 1971) (transferring case to D. Del.

9   in part because the inventors are "significant witnesses" amenable to process there); cf. *Pfizer,*

10   *Inc. v. Novopharm Ltd.*, 2000 U.S. Dist. LEXIS 18153, at *11 (N.D. Ill. 2000) ("[I]nventors will

11   be important witnesses on the issue of liability . . . .").

12   **B.**   **The District of Maryland is a Proper Venue for this Matter**

13    This action could have been brought in the District of Maryland (the transferee forum)

14   because that district has subject matter jurisdiction over the claim, personal jurisdiction over

15   TCS, and is a proper venue for the matter.  Venue would have been proper in the District of

16   Maryland because TCS "resides" there, under the meaning of 28 U.S.C. § 1391(b) and (c).

17   Therefore, this case may be transferred to the District of Maryland, since it "might have been

18   brought" there.

19   **C.**   **The Convenience of the Parties and**
   **Witnesses Dictates that in the Interest of Justice**
   **the Action be Transferred to the District of Maryland**

20

21    Each of TCS's witnesses will be crucial to a full presentation of the issues at trial, and

22   each would be extremely inconvenienced by Newegg's choice of forum.  Newegg cannot point

23   to any offsetting convenience to any party or significant witness that would justify retaining

24   venue in the Northern District of California.  Relocating to California for trial imposes great

25   burdens on TCS and its third party witnesses.

26    Nearly all of TCS's witnesses, and many third party witnesses, live in or around eastern

27   Maryland.  Were trial to proceed in California, those witnesses TCS has contacted have indicated

28   that their lives would be significantly interrupted, and their availability would be limited.  If trial

1   occurred instead in Maryland, these witnesses would be much more readily available, and their

2   time away from their work and other obligations greatly reduced because they would not have to

3   travel across the country and wait to be called.  For a trial in the District of Maryland, the cost of

4   travel for these witnesses would be minimal, and counsel for both parties would be able to alert

5   them of the precise day of their testimony so they can drive to trial that day instead of being

6   limited by an airplane reservation.

7          The inventors, perhaps the most important witnesses in the case, are Maryland residents.

8   They will testify at trial about their conception, reduction to practice, and development of their

9   invention.  They are third parties and Maryland residents, who have each expressed a great

10  reluctance or inability to travel to California (Hamilton Decl. ¶ 5).  The Court and the jury are

11  entitled to hear from them about their invention.  Second to the inventors, the great majority of

12  other key witnesses are in Maryland or on the East Coast.  These include Mr. Bollman, who can

13  testify about the process of acquiring the patents-in-suit; Messrs. Richardson, Titus, Pohutsky,

14  Stotesbery, Morin and Lorello, who can each testify about the in-house development surrounding

15  the inventors' work; Mr. Hamilton, who can testify on fact issues related to damages (such as

16  TCS's licensing history); members of the CTIA, who can provide background on short code

17  technology; and members of the MMA, who can provide insight into the usefulness of the

18  patented inventions (Hamilton Decl. ¶¶ 6-11).

19         This motion does not simply seek to transfer to Newegg and its witnesses the

20  inconvenience TCS would otherwise bear.  TCS believes that Newegg's witnesses would have to

21  travel whether the forum is the Northern District of California or the District of Maryland.

22  Newegg is not located in the Northern District of California, and therefore, its witnesses would

23  not be located in this District.  Newegg's vendor – 360 Degree Mobile – is also not in this

24  district.[2]  Newegg's primary counsel is in Idaho, and would have to travel regardless.  Newegg

25  apparently has not retained counsel in the Northern District of California at all.  Accordingly,

26  although Newegg's witnesses may have to travel farther to attend trial in Maryland than in this

27

28         [2] Given the relative simplicity of the infringement issues, there is a substantial chance that only a single Newegg or Newegg-vendor witness would be required to build the trial record of the structure, function, operation and use of the patented invention.

District, they would have to bear a significant inconvenience and travel a considerable distance either way.  Therefore, the greatest inconvenience to the greatest number of witnesses and parties can be avoided by transferring this case to the District of Maryland.

Not only does transfer avoid the greatest inconvenience for the greatest number; also, the interests of justice will be met with a transfer.  In the District of Maryland, both parties have better access to former and current TCS employee witnesses.  The District of Maryland has greater subpoena power over the key witnesses in this case than the Northern District of California.  On the other hand, the Northern District of California would at best have subpoena power over the two or three Newegg witnesses who might ultimately provide important trial testimony. See note 2, above.  And while Newegg documentation might currently exist in California, it will likely become digitized and manipulated electronically for purposes of this case no matter where trial is located.

In short, the District of Maryland is the only forum that best serves the interests of justice. It is the only forum in which most of the key witnesses would avoid the cost, and minimize the disruption, of travel (indeed, TCS believes that *every* witness would have to travel to the Northern District of California).  And, the District of Maryland has a more efficient docket by all key measures than the Northern District of California.  It has less than half the caseload congestion, its median time to disposition is almost a month faster, and its median time to trial is a remarkable eight months faster. See tables at www.uscourts.gov/cgi-bin/cmsd2008.pl.  Finally, since this case arises under federal patent law, the District of Maryland and the Northern District of California are equally suited to resolve the issues of law.  For these reasons, the interests of justice, as well as the convenience of the parties and witnesses, favors a transfer to the District of Maryland.

**D.    Absence of Any Connection to this Forum**
**Nullifies any Deference to Newegg's Choice of Forum**

Newegg's choice of this forum merits little to no consideration.  Newegg cannot justify bringing the case here.[3]  It is not a resident of this judicial district. See *Pac. Car*, 403 F.2d at 954;

---

[3] TCS had a single communication with Newegg before this suit – a written license offer to abate the infringement for possibly as little as $5,000. See the letter attached to the Complaint.

*Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802, at *8; *Fabus Corp.*, 2001 U.S. Dist. LEXIS 2568, at *4; cf. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (holding "a foreign plaintiff's choice deserves less deference" in the related context of *forum non conveniens)*.  Newegg is organized in Delaware and located in the Central District of California. While TCS does have a place of business here, it is a small operation of a few employees acquired in 2004, after the events surrounding the invention of the patents-in-suit had already concluded on the other side of the country.  Those employees are strangers to this dispute, and have no job responsibilities that might make them witnesses on any remotely relevant issues.

Nor does the Northern District of California have any particular interest in this litigation or its parties.  The parties are strangers to this forum.  Thus, this judicial district has no particular interest in governing the conduct or righting the wrongs of the parties before it.  This is true even though TCS's answer to Newegg's Complaint asserts a mandatory counterclaim for infringement of the patents-in-suit.  TCS's counterclaim does not waive its ability to move for a transfer of venue for the convenience of the parties and witnesses. See *Dragor Shipping Corp. v. Union Tank Car Company*, 378 F.2d 241, 244 (9th Cir. 1967) (jurisdictional and venue objections preserved even after filing compulsory counterclaim).

In sum, jurisdiction and venue are proper in the District of Maryland.  Most of the witnesses (including the inventors) would be extremely inconvenienced by a trial in California. Any deference to Newegg's choice of forum is severely diminished because it is a Delaware company with its closest office hundreds of miles away.  Finally, the subject matter of this litigation is not connected to this forum.  All of these compel the Court to transfer venue in furtherance of the interests of justice.

---

Newegg did not reply to the license offer, but immediately filed suit in a highly inconvenient forum.

1

## CONCLUSION

2       For the foregoing reasons, TCS respectfully requests that the Court grant its motion to

3  transfer venue.

4  Dated: April 14, 2009                           DERGOSITS & NOAH LLP

5

                                                  _____/s/_____
6                                                 By:  Michael E. Dergosits
                                                  MICHAEL E. DERGOSITS (State Bar No. 118206)
7                                                 TEDDY K. JOE (State Bar No.  242589)
                                                  DERGOSITS & NOAH, L.L.P.
8                                                 Four Embarcadero Center, Suite 1450
                                                  San Francisco, CA 94111
9                                                 Telephone:     (415) 705-6377
                                                  Facsimile:     (415) 750-6383
10                                                Email: mdergosits@dergnoah.com
                                                  Email: tjoe@dergnoah.com
11
                                                  WILLIAM W. FLACHSBART
12                                                (IL State Bar No. 6237069) (of counsel)
                                                  ROBERT P. GREENSPOON
13                                                (IL State Bar No. 6229357) (of counsel)
                                                  MICHAEL R. LA PORTE
14                                                (IL State Bar No.6237510) (of counsel)
                                                  FLACHSBART & GREENSPOON, LLC
15                                                The Monadnock Building
                                                  53 W. Jackson Blvd, Suite 652
16                                                Chicago, Illinois 60604
                                                  Telephone:     (312) 431-3800
17                                                Facsimile      (312) 431-3810
                                                  Email: wwf@fg-law.com
18                                                Email: rpg@fg-law.com
                                                  Email: mrl@fg-law.com
19
                                                  Attorneys for
20                                                Defendant TeleCommunication Systems, Inc.

21

22

23

24

25

26

27

28

POINTS AND AUTHORITIES SUPPORTING MOTION TO TRANSFER VENUE
Case No. 09-cv-00982-JL

1

## CERTIFICATE OF SERVICE

2

3
     The undersigned hereby certifies that all counsel of record who are deemed to have

4
consented to electronic service are being served with a copy of this document via the Court's

5
CM/ECF system per Civil L. R. 5-6 on April 14, 2009.

6

7
Dated: April 14, 2009                     DERGOSITS & NOAH LLP

8

                                   _____/s/_____

9
                                     By:  Michael E. Dergosits
                                     MICHAEL E. DERGOSITS (State Bar No. 118206)

10
                                     TEDDY K. JOE (State Bar No.  242589)
                                     DERGOSITS & NOAH, L.L.P.

11
                                     Three Embarcadero Center, Suite 410
                                     San Francisco, CA 94111

12
                                     Telephone:     (415) 705-6377
                                     Facsimile:     (415) 750-6383

13
                                     Email: mdergosits@dergnoah.com
                                     Email: tjoe@dergnoah.com

14

15
                                     WILLIAM W. FLACHSBART
                                     (IL State Bar No. 6237069) (of counsel)

16
                                     ROBERT P. GREENSPOON
                                     (IL State Bar No. 6229357) (of counsel)

17
                                     MICHAEL R. LA PORTE
                                     (IL State Bar No. 6237510) (of counsel)

18
                                     FLACHSBART & GREENSPOON, LLC
                                     The Monadnock Building

19
                                     53 W. Jackson Blvd, Suite 652
                                     Chicago, Illinois 60604

20
                                     Telephone:     (312) 431-3800
                                     Facsimile      (312) 431-3810

21
                                     Email: wwf@fg-law.com
                                     Email: rpg@fg-law.com

22
                                     Email: mrl@fg-law.com

23
                                     Attorneys for
                                     Defendant TeleCommunication Systems, Inc.

24

25

26

27

28

POINTS AND AUTHORITIES SUPPORTING MOTION TO TRANSFER VENUE
Case No. 09-cv-00982-JL