John N. Zarian (SBN 145080)
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
E-Mail: zarian@zarianmidgley.com

Mira S. Wolff (SBN 161672)
NEWEGG INC.
16839 E. Gale Avenue
City of Industry, CA  91745
Telephone: (626) 271-9700, x. 22032
Facsimile: (626) 271-9483
E-Mail: Mira.S.Wolff@newegg.com

Attorneys for Plaintiff
NEWEGG INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>TELECOMMUNICATION SYSTEMS, INC., a Maryland corporation,<br><br>  Defendant. | Case No.  C 09 0982 JL<br><br>**DECLARATION OF MIRA S. WOLFF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Hearing Date:  May 20, 2009<br>Hearing Time: 9:30 a.m.<br>Location:  Courtroom F, 15th Floor<br>Judge: Magistrate Judge James Larson |

I, Mira S. Wolff, declare:

   1.   I submit this declaration in opposition to the Motion to Transfer filed by the defendant. I have personal knowledge of the following, and if called as a witness, I could and would testify competently and truthfully thereto.

   2.   I am the Senior Corporate Counsel at Newegg Inc. ("Newegg"). As a result of my work, I am familiar with Newegg and its business operations.

///

1

3. I am familiar with the complaint filed by Newegg in the above-captioned case, in which Newegg is seeking a declaratory judgment of non-infringement and invalidity as to U.S. Patent Nos. 6,891,811 B1 (the '811 Patent) and 7,355,990 B2 (the '990 Patent). In addition, I am familiar with the counterclaims filed by defendant TeleCommunication Systems, Inc. ("TCS"), asserting that Newegg has infringed the '811 Patent and the '990 Patent. Finally, I have reviewed TCS's pending motion to transfer venue of this case from the Northern District of California to the District of Maryland.

4. Newegg is an e-commerce company and an online-only retailer of computer hardware and peripherals. Newegg does not have any stores and does not service any customers in person.

5. Newegg is headquartered in, and maintains its principal place of business in, City of Industry, California. Substantially all of Newegg's employees reside and work in California.

6. Newegg does not maintain any offices within the District of Maryland, nor does it have any employees in the District of Maryland.

7. On or about January 19, 2009, Newegg received a letter accusing it of infringing the two patents in suit. (*See* true and correct copy of January 12, 2009 letter attached as Exhibit A.) Evidently, the two patents involve technology relating to a "mobile device-to-HTTP protocol gateway" which purports to translate between SMSC commands and an application server on the Internet, or web IP server. In the letter to Newegg, TCS claimed that Newegg "works with an aggregator and/or an application provider that employs the gateway of claim 1 of the respective patents."

9. Substantially all of Newegg's physical hardware, routing devices, web applications, systems and servers are located in the State of California. Newegg does not maintain any equipment or contract with any application providers in Maryland.

10. Furthermore, substantially all of the documents relating to any text messaging or location-based services involving Newegg are located in City of Industry,

2

*Declaration of Mira S. Wolff in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue*
Case No.: C 09 0982 JL

California. Newegg does not maintain any documents in Maryland that are related to any such technologies or its products.

11. Newegg is not aware at this time of the need to call any TCS employees as witnesses. To the extent any such employees are identified and determined to be located in Maryland, Newegg is willing to take their depositions in Maryland.

12. Based on the information currently available, however, Newegg expects to call certain of its own employees as witnesses in this matter. All of these employees work in City of Industry, California, and reside in the state of California, including:

    a. James Wu, Chief Technology Officer
    b. Michael Amkreutz, V.P. Product Management
    c. Bernard Luthi, V.P. Merchandising

13. In addition, as Senior Corporate Counsel, I am one of the attorneys responsible for this litigation. I work in City of Industry, California, and live in the Central District of California. A trial in Baltimore, Maryland would be extremely disruptive for me, and for the California employees listed in the foregoing paragraph, compared to a trial in the Northern District of California – which is much closer to City of Industry and much more accessible from here than is the District of Maryland. Indeed, there are many, many flights every day (each slightly more than one hour) between Southern California and the Bay Area.

14. I understand that TCS has represented Newegg has "about 1500 employees." In fact, Newegg and/or its subsidiaries have approximately 950 employees in the United States, and the overwhelming majority of them are located in California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of April, 2009, at City of Industry, California.

_____
MIRA S. WOLFF

3

*Declaration of Mira S. Wolff in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue*
Case No.: C 09 0982 JL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of April, 2009, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

/s/ *John N. Zarian*
John N. Zarian

4

*Declaration of Mira S. Wolff in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue*
Case No.: C 09 0982 JL