John N. Zarian (SBN 145080)
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
E-Mail:  zarian@zarianmidgley.com

Mira S. Wolff (SBN 161672)
NEWEGG, INC.
16839 E. Gale Avenue
City of Industry, CA  91745
Telephone:  (626) 271-9700, x. 22032
Facsimile:  (626) 271-9483
E-Mail:  Mira.S.Wolff@newegg.com

Attorneys for Plaintiff and Counterdefendant
NEWEGG INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>TELECOMMUNICATION SYSTEMS, INC.,<br>a Maryland corporation,<br><br>            Defendant. | Case No.  C 09 0982 JL<br><br>**NEWEGG INC.'S ANSWER TO TELECOMMUNICATION SYSTEMS, INC.'S COUNTERCLAIM** |

Newegg Inc. ("Newegg") hereby responds to the "Counterclaim for Patent Infringement" of Defendant and Counterclaimant TeleCommunication Systems, Inc. ("TCS"), filed on April 14, 2009, as follows:

### NATURE OF LAWSUIT

1. Newegg admits that TCS purports to assert a counterclaim for patent infringement, and that this Court has exclusive jurisdiction over such claims pursuant to 28 U.S.C. §1338(a). Except as expressly admitted herein, Newegg denies the allegations of paragraph 1 of the Counterclaim.

### PARTIES AND PATENTS

2. Newegg admits that TCS purports to be a Maryland corporation with its principal place of business located at 275 West Street, Annapolis, Maryland 21401. Except as expressly admitted herein, Newegg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Counterclaim and, therefore, denies the same.

3. Newegg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Counterclaim and, therefore, denies the same.

4. Newegg admits that it is a Delaware corporation and has its principal place of business located at 16839 E. Gale Avenue, City of Industry, California 91745. Newegg further admits that this Court has jurisdiction over the parties and claims asserted in this action. Except as expressly admitted herein, Newegg denies the allegations of paragraph 4 of the Counterclaim.

5. [sic- there is no paragraph 5]

### JURISDICTION AND VENUE

6. Newegg admits that TCS purports to assert a counterclaim for patent infringement, and that this Court has jurisdiction over such claims. In addition, Newegg admits that venue is proper in this district. Except as so admitted, Newegg denies the allegations of paragraph 6 of the Counterclaim.

### NEWEGG'S ACTS OF PATENT INFRINGEMENT

7. Denied.

8. Denied

\ \ \

## NOTICE

9. Newegg admits that TCS, by and through counsel, sent a letter dated January 12, 2009, which letter was received by Newegg. Except as so admitted, Newegg denies the allegations of paragraph 9 of the Counterclaim.

## GENERAL DENIAL

10. Newegg hereby denies any and all allegations in the Counterclaim that might be deemed not to be specifically addressed herein.

11. Newegg also denies that TCS is entitled to any of the relief requested in the Prayer for Relief set forth in its Counterclaim.

## NEWEGG'S AFFIRMATIVE DEFENSES

All possible affirmative defenses of Newegg may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry; therefore, Newegg reserves the right to amend this answer to allege additional affirmative defenses as subsequent investigation warrants. Presently, Newegg sets forth the following affirmative defenses to the Counterclaim:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

12. The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Non-Infringement of the '811 Patent)**

13. Newegg has not and does not infringe any valid and enforceable claim of the '811 Patent.

## THIRD AFFIRMATIVE DEFENSE

**(Non-Infringement of the '990 Patent)**

14. Newegg has not and does not infringe any valid and enforceable claim of the '990 Patent.

\\\
\\\
\\\

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity and Unenforceability of the '811 Patent)

15. The '811 Patent is invalid and unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103 and 112. Newegg reserves the right to assert additional grounds for the invalidity and/or unenforceability of the '811 Patent if it discovers such grounds during the course of the litigation.

## FIFTH AFFIRMATIVE DEFENSE

### (Invalidity and Unenforceability of the '990 Patent)

16. The '990 Patent is invalid and unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103 and 112. Newegg reserves the right to assert additional grounds for the invalidity and/or unenforceability of the '990 Patent if it discovers such grounds during the course of the litigation.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

17. TCS is time barred under the doctrine of laches to bring this action against Newegg.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

18. By reason of the proceedings in the USPTO and/OR foreign patent offices, during the prosecution of the applications for the Patents and related applications and the statements, admissions and representations made by the named inventors and/or their attorneys, TCS is estopped from asserting any interpretation of the '811 and/or '990 Patent claims that would cover Newegg's conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

19. TCS is not entitled to any relief in this action because it has unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

20. To the extent TCS seeks damages for alleged infringement more than six years prior to the filing of the present litigation, any such claims are barred by the statute of limitations under 35

U.S.C. § 286. To the extent TCS alleges infringement of additional patents that were not asserted when this suit was filed, any such amendments do not relate back to the original filing (Fed. R. Civ. P. 15(c)).

## TENTH AFFIRMATIVE DEFENSE

### (Notice/Marking)

21. TCS is precluded by 35 U.S.C. § 287 from seeking damages for any alleged infringement prior to providing actual notice of the Patents to Newegg.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

22. TCS lacks standing to bring suit for alleged infringement of the Patents.

## TWELFTH AFFIRMATIVE DEFENSE

### (Patent Exhaustion)

23. TCS's claims for patent infringement are precluded in whole or part (i) to the extent that any allegedly infringing products are supplied, directly or indirectly to Newegg by an entity or entities having express or implied licenses to the Patents and/or (ii) under the doctrine of patent exhaustion.

## PRAYER FOR RELIEF

WHEREFORE, Newegg prays for Judgment against TCS as follows:

(i) That a judgment be entered declaring that Newegg has not infringed and is not infringing the '811 Patent;

(ii) That a judgment be entered declaring that the '811 Patent is invalid;

(iii) That a judgment be entered declaring that the '811 Patent is unenforceable;

(iv) That a judgment be entered declaring that Newegg has not infringed and is not infringing the '990 Patent;

(v) That a judgment be entered declaring that the '990 Patent is invalid;

(vi) That a judgment be entered declaring that the '990 Patent is unenforceable;

(vii) That the Counterclaim be dismissed with prejudice, and that Counterclaimant take nothing thereby;

(viii) That Newegg be awarded its reasonable costs and attorneys' fees necessarily incurred in defending and prosecuting this action;

(ix)    That the Court enter judgment that this case is an exceptional case under 35 U.S.C. § 285, and enter a judgment awarding Newegg its costs and reasonable attorneys' fees;

(x)    That Newegg be awarded relief under 28 U.S.C. § 2202; and,

(xi)    That the Court grant Newegg such further relief as the Court may deem just and proper.

DATED this 4th day of May, 2009.

ZARIAN MIDGLEY & JOHNSON PLLC

By /s/ *John N. Zarian*
John N. Zarian
Attorneys for Plaintiff and Counterdefendant
Newegg Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of May, 2009, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

/s/ *John N. Zarian*
John N. Zarian