1   MICHAEL E. DERGOSITS (State Bar No. 118206)
    TEDDY K. JOE (State Bar No. 242589)
2   DERGOSITS & NOAH, L.L.P.
    Four Embarcadero Center, Suite 1450
3   San Francisco, CA 94111
    Telephone:      (415) 705-6377
4   Facsimile:      (415) 750-6383
    Email: mdergosits@dergnoah.com
5   Email: tjoe@dergnoah.com

6   WILLIAM W. FLACHSBART (IL State Bar No. 6237069) (of counsel)
    ROBERT P. GREENSPOON   (IL State Bar No. 6229357) (of counsel)
7   MICHAEL R. LA PORTE (IL State Bar No. 6237510) (of counsel)
    FLACHSBART & GREENSPOON, LLC
8   The Monadnock Building
    53 W. Jackson Blvd, Suite 652
9   Chicago, Illinois 60604
    Telephone:      (312) 431-3800
10  Facsimile       (312) 431-3810
    Email: wwf@fg-law.com
11  Email: rpg@fg-law.com
    Email: mrl@fg-law.com
12
    Attorneys for Defendant TeleCommunication Systems, Inc.
13

14                    **UNITED STATES DISTRICT COURT**

15                   **NORTHERN DISTRICT OF CALIFORNIA**

16                        **SAN FRANCISCO DIVISION**

17
                                          | **Case No. 09-CV-00982-JL**
18  NEWEGG, INC.,                         |
                                          |
19          Plaintiff,                    |
                                          |
20      vs.                               | **DEFENDANT'S NOTICE AND MOTION
                                          | TO TRANSFER VENUE**
21  TELECOMMUNICATION SYSTEMS, INC.       |
                                          | **Hearing Date: _____, 2009**
22          Defendant.                    | **Hearing Time: ___ p.m.**
                                          | **Location: Courtroom**
23                                        | **Judge: Magistrate Judge James Larson,**

24

25

26

27

28

1

## TABLE OF CONTENTS

2

3

INTRODUCTION ..................................................................................................5

I.      STATEMENT OF FACTS ......................................................................5

        A.      Background of the Dispute ..........................................................5

        B.      Ownership and Location of the Parties .......................................5

        C.      Witnesses ....................................................................................6

                1.      Third Party Witnesses .....................................................6

                2.      Party Witnesses ...............................................................8

        D.      Other Factors ..............................................................................9

II.     THIS COURT SHOULD GRANT
        TCS'S MOTION TO TRANSFER VENUE ..........................................9

        A.      Legal Standard Applicable to a Motion to Transfer Venue ........9

        B.      The District of Maryland is a Proper Venue for this Matter......11

        C.      The Convenience of the Parties and
                Witnesses Dictates that, in the Interest of
                Justice, the Action be Transferred to the District of Maryland..................12

        D.      Absence of Any Connection to this Forum
                Nullifies any Deference to Newegg's Choice of Forum...........................14

CONCLUSION....................................................................................................15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2
**Page(s)**

**CASES**

3

4
*Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*,
   2006 U.S. Dist. LEXIS 37641 (C.D. Cal. 2006)....................................................11

*Catch Curve, Inc. v. Venali, Inc.*,
5
   2006 U.S. Dist. LEXIS 96379 (C.D. Cal. 2006)....................................................10

*Decker Coal Co. v. Commonwealth Edison Co.*,
6
   805 F.2d 834 (9th Cir. 1986) .........................................................................10

*Dragor Shipping Corp. v. Union Tank Car Company*,
7
   378 F.2d 241 (9th Cir. 1967) .........................................................................14

*Fabus Corp. v. Asiana Express Corp.*,
8
   2001 U.S. Dist LEXIS 2568 (N.D. Cal. 2001) .............................................10, 14

*Inherent.com v. Martindale Hubbell, LEXIS/NEXIS Inc.*,
9
   420 F. Supp. 2d 1093 (N.D. Cal. 2006) .............................................................10

*MTS Sys. Corp. v. Hysitron, Inc.*,
10
   2006 U.S. Dist. LEXIS 66338 (N.D. Cal. 2006) ................................................10

*Pac. Car & Foundry Co. v. Pence*,
11
   403 F.2d 949 (9th Cir. 1968) .....................................................................10, 14

*Penntube Plastics Co. v. Fluorotex, Inc.*,
12
   336 F. Supp. 698 (D.S.C. 1971)........................................................................11

*Pfizer, Inc. v. Novopharm Ltd.*,
13
   2000 U.S. Dist. LEXIS 18153 (N.D. Ill. 2000) ................................................11

*Piper Aircraft Co. v. Reyno*,
14
   454 U.S. 235 (1981) .....................................................................................14

*Royal Queentex Enters. Inc. v. Sara Lee Corp.*,
15
   2000 U.S. Dist. LEXIS 10139 (N.D. Cal. 2000) ............................................9, 11

*Securities Investor Protection Corp. v. Vigman*,
16
   764 F.2d 1309 (9th Cir. 1985) ...........................................................................10

*In re TS Tech USA Corp.*,
17
   551 F.3d 1315 (Fed. Cir. 2008) .........................................................................11

*Van Dusen v. Barrack*,
18
   376 U.S. 612 (1964).......................................................................................9

*In re Volkswagen of Am., Inc.*,
19
   545 F.3d 304 (5th Cir. 2008) ...........................................................................11

*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*,
20
   2003 U.S. Dist. LEXIS 26802 (N.D. Cal. 2003) ............................................10, 14

21
**STATUTES**

22
28 U.S.C. § 1391...............................................................................................11

28 U.S.C. § 1404(a) .................................................................................1, 2, 9, 11
23

24

25

26

27

28

3

1

**<u>NOTICE OF MOTION AND MOTION</u>**

2

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

3

       NOTICE IS HEREBY GIVEN that Defendant TeleCommunication Systems, Inc.

4

5

("TCS"), by and through its attorneys, hereby moves to transfer venue under 28 U.S.C. §

6

1404(a).  This Motion is scheduled for a hearing on _____, 2009 at __ p.m., or as soon

7

thereafter as counsel may be heard by the above-entitled court, located at 450 Golden Gate

8

Avenue, San Francisco, California 94___, in the courtroom of the Honorable James Larson.

9

       TCS seeks the following relief: a transfer of venue to the United States District Court for

10

the District of Maryland (Baltimore Division) under 28 U.S.C. § 1404(a).  This motion isbased

11

onthis Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith,

12

13

the Declaration of Elliot Hamilton, the pleadings and papers on file herein, and such other

14

matters as may be presented to the Court at the time of the hearing.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

POINTS AND AUTHORITIES SUPPORTING MOTION TO TRANSFER VENUE
Case No. 09-cv-00982-JL

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**DEFENDANT'S MOTION FOR TRANSFER OF VENUE**

**INTRODUCTION**

Defendant TeleCommunication Systems, Inc. ("TCS") is entitled to a transfer of venue to the District of Maryland, because the District of Maryland is a proper and more appropriate venue for this patent suit involving a Delaware corporation and a Maryland corporation; the parties and the witnesses, including several third party witnesses, would be extremely inconvenienced by conducting this case in the Northern District of California; and the current forum has no substantial interest in or connection to this litigation.

**I.     STATEMENT OF FACTS**

**A.     Background of the Dispute**

1.     Newegg filed this action against TCS for a declaration of noninfringement and invalidity of two TCS-owned patents.  These earlier of the two patents (No. 6,891,811) was filed in 2000, and the later (No. 7,355,990) was filed in 2005.  The '990 patent is based on the '811 patent, and claims priority to its 2000 filing date (Declaration of Elliott Hamilton at ¶ 2).

**B.     Ownership and Location of the Parties**

2.     TCS is a Maryland corporation with its principal place of business at 275 West Street, Annapolis, Maryland, 21401 (the District of Maryland) (Hamilton Decl. ¶ 3).

3.     Newegg Inc. ("Newegg") is a Delaware corporation with its principal place of business at 16839 E. Gale Avenue, City of Industry, California 91745 (the Central District of California) (Complaint).

4.     Newegg has no place of business in the Northern District of California (its website at www.newegg.com does not list any).  TCS has a small, recently-acquired office in the

Northern District of California (in Oakland), but this office and its employees have no relationship to this dispute (Hamilton Decl. ¶ 4).

5.     The TCS employees who happen to work in this judicial district (in Oakland) are not potential witnesses in this case.  TCS has almost 600 employees.  Only about twenty of those employees work at TCS's sole office in California, located in Oakland.  The Oakland office came into TCS in 2004 through an acquisition of a company called Kivera.  That acquisition post-dates by several years the inventive work performed by TCS's inventors, Richard A. Smith and Johanna Wilson, who worked in the messaging team in Annapolis, Maryland.  The Oakland office focuses on location-based applications and geo-spatial databases – matters that bear no relationship to the messaging technology described and claimed in the patents-in-suit (Hamilton Decl. ¶ 4).

**C.     Witnesses**

6.     Since this is a patent infringement case, the central issues will be (a) infringement by Newegg, (b) validity of the TCS patents, and (c) damages.

7.     No expected TCS or Newegg witness resides in the Northern District of California.

**1.     Third Party Witnesses**

8.      TCS expects that at trial it will call the inventors, Mr. Smith and Ms. Wilson. Inventors are often the most important witnesses in patent cases, on issues relating to infringement and validity.  Both Mr. Smith and Ms. Wilson are former TCS employees, and thus third parties.  Both of them reside and work in Annapolis, Maryland.  Both of them have told TCS management that it would be a great disruption to travel to San Francisco for trial, that they might be unwilling or unable to do so when the time comes, and that it would be far more convenient for them to drive to Baltimore instead (Hamilton Decl. ¶ 5).

9.     TCS expects that at trial it may call, and that Newegg will call, the patent attorney who prosecuted the patents – William Bollman.  Mr. Bollman is a third party.  Mr. Bollman works in Washington, D.C., within the subpoena power of the District of Maryland but outside that of the Northern District of California.  Mr. Bollman has told TCS management that it would be a great disruption to travel to San Francisco for trial, that he might be unwilling or unable to do so when the time comes, and that it would be far more convenient for him to drive to Baltimore instead (Hamilton Decl. ¶ 6).

10.     This case involves technological issues involving what are known as "short codes."  Short codes are usually short, four-to-six digit numbers that owners of mobile devices (such as cell phones) may use to address text messages to companies or individuals who have registered the short codes.  The patents describe the example of texting the word "menu" to 4636, where 4636 is an example short code.  TCS expects that at trial it may call, as objective, nonbiased witnesses to educate the Court and the jury on the technical and operational aspects of common short codes, one or more employees of the nonprofit technical group that administers all United States-based Common Short Codes.  This organization is called the CTIA (formerly, the "Cellular Telecommunications & Internet Association").  The CTIA's offices are in Washington, D.C., a convenient drive from and within the subpoena power of the District of Maryland (Hamilton Decl. ¶ 7).

11.     Other third party witnesses TCS expects that it may call at trial include employees of the Mobile Marketing Association ("MMA").  They would testify on issues of damages related to the popularity and usefulness of the patented technology.  The MMA is located in New York City, much closer to the District of Maryland than to the Northern District of California (Hamilton Decl. ¶ 8).

12.     TCS may call third party witnesses from a company called 360 Degree Mobile ("360").  TCS believes 360 assisted Newegg with its infringement.  360 is located outside the Northern District of California, in Westlake Village, California (Central District) (Hamilton Decl. ¶ 9).

### 2.     Party Witnesses

13.     TCS may call certain of its own employees on issues related to their witnessing the conception, and participating in the development of, the patented inventions.  All of them work in Annapolis and reside in the District of Maryland (Hamilton Decl. ¶ 10).  These include one or more of:

- Mike Richardson (VP of Messaging and a TCS employee in the messaging group in 2000)

- Mark Titus (Sr. Director of Messaging and a TCS employee in the messaging group in 2000)

- Joe Pohutsky (Senior Director of Carrier Software and a TCS employee in the messaging group in 2000)

- Tim Stotesbery (Director of Network Applications and a TCS employee in the messaging group in 2000)

- Drew Morin (CTO and a TCS employee involved in the messaging development efforts in 2000)

- Tim Lorello (CMO and a TCS employee involved in the messaging development efforts in 2000).

14.     TCS may also call its Senior Director of Strategic Planning, Elliott Hamilton, to testify on damages issues related to patent licensing at TCS.  Mr. Hamilton works in Annapolis and resides in the District of Maryland (Hamilton Decl. ¶ 11).

15.  TCS will call Newegg employees who have knowledge of infringement and damages issues.  On information and belief, all potentially relevant Newegg employee-witnesses are located outside the Northern District of California, likely in the Central District of California.

**D.  Other Factors**

16.  Newegg has adequate resources to file suit in appropriate venues. Newegg boasted $2.1 billion in annual sales in 2008. See www.newegg.com/info/factsheet.aspx.  It has about 1500 employees. See en.wikipedia.org/wiki/newegg (last visited 13 April 2009).

17.  By several measures, the District of Maryland is a more efficient forum for this dispute.  Federal court statistics available at www.uscourts.gov (last visited 13 April 2009) conveyed the following comparative information for 2008:

|  | N.D. Cal. | D. Md. |
|---|---|---|
| Total cases pending | 8,882 | 3,723 |
| Median time from filing to disposition (civil) | 7.7 months | 7.0 months |
| Median time from filing to trial (civil) | 30.0 months | 22.0 months |

## II.  THIS COURT SHOULD GRANT TCS'S MOTION TO TRANSFER VENUE

### A.  Legal Standard Applicable to a Motion to Transfer Venue

A court may transfer a civil action to another district for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  "The purpose of Section 1404(a) is to prevent the waste of 'time energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Royal Queentex Enters. Inc. v. Sara Lee Corp.*, 2000 U.S. Dist. LEXIS 10139, at *6 (N.D. Cal. 2000) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  "The district court has broad discretion to consider case-specific

circumstances." *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS 26802, at *4 (N.D. Cal. 2003).

To demonstrate that a transfer of venue is warranted, "the defendant must establish that the matter 'might have been brought' in the district to which transfer is sought." *Catch Curve, Inc. v. Venali, Inc.*, 2006 U.S. Dist. LEXIS 96379, at *3 (C.D. Cal. 2006).  The Court must then balance the convenience of the parties and of the witnesses with the interest of justice. *Id.*  The interest of justice takes into consideration: (1) the relative ease of access to proof, (2) judicial economy, (3) the availability of compulsory processes, (4) docket congestion, and (5) the differences in the costs of litigation in the two forums. *Id.* at *3.

Although the Ninth Circuit also considers the plaintiff's choice of forum, *MTS Sys. Corp. v. Hysitron, Inc.*, 2006 U.S. Dist. LEXIS 66338, at *5 (N.D. Cal. 2006) (citing *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)), if the defendant makes a strong showing of inconvenience, deference that choice of forum is unwarranted. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Importantly, the deference to the plaintiff's choice of forum is diminished when: "(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." *Catch Curve*, 2006 U.S. Dist. LEXIS 96379, at *4; see also *Inherent.com v. Martindale Hubbell, LEXIS/NEXIS Inc.*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006).  A plaintiff's choice of forum has minimal value, or should be given even less consideration, when the plaintiff is not a resident of the judicial district in which it has instituted the suit. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802, at *8; *Fabus Corp.*

*v. Asiana Express Corp.*, 2001 U.S. Dist LEXIS 2568, at *4 (N.D. Cal. 2001).[1]

Still, "[t]he convenience of the witnesses is often the most important factor considered by the Court when deciding a motion to transfer under Section 1404(a)." *Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, 2006 U.S. Dist. LEXIS 37641, at *7 (C.D. Cal. 2006). Inconvenience factors include the identity and location of the witnesses, the number of witnesses located in respective districts, and the content and relevance of their testimony. *Royal Queentex*, 2000 U.S. Dist. LEXIS 10139, at *18-*19.  Third party witnesses get primary consideration. *Id.* The most significant witnesses in a patent infringement case include the inventors. *Penntube Plastics Co. v. Fluorotex, Inc.*, 336 F. Supp. 698, 705 (D.S.C. 1971) (transferring case to D. Del. in part because the inventors are "significant witnesses" amenable to process there); cf. *Pfizer, Inc. v. Novopharm Ltd.*, 2000 U.S. Dist. LEXIS 18153, at *11 (N.D. Ill. 2000) ("[I]nventors will be important witnesses on the issue of liability . . . .").

## B.   The District of Maryland is a Proper Venue for this Matter

This action could have been brought in the District of Maryland (the transferee forum) because that district has subject matter jurisdiction over the claim, personal jurisdiction over TCS, and is a proper venue for the matter.  Venue would have been proper in the District of Maryland because TCS "resides" there, under the meaning of 28 U.S.C. § 1391(b) and (c). Therefore, this case may be transferred to the District of Maryland, since it "might have been brought" there.

---

[1] Unlike the Fifth Circuit, see *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008), the Ninth Circuit has not squarely addressed, where the point was contested, whether the plaintiff's choice of forum ought to be considered its own factor, or merely corresponds to the burden that the moving party must meet to demonstrate greater convenience of the transferee forum.  The Fifth Circuit does not treat it as its own factor. *Id.*; see also *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (applying *In re Volkswagen* to grant mandamus requiring the Eastern District of Texas to transfer a patent case where no party resided in the Eastern District of Texas).  Under the better rule, Newegg's choice of forum should not get separate treatment as its own factor.

1

**C.    The Convenience of the Parties and**
**Witnesses Dictates that in the Interest of Justice**
**the Action be Transferred to the District of Maryland**

2

3    Each of TCS's witnesses will be crucial to a full presentation of the issues at trial, and

4    each would be extremely inconvenienced by Newegg's choice of forum.  Newegg cannot point

5

6    to any offsetting convenience to any party or significant witness that would justify retaining

7    venue in the Northern District of California.  Relocating to California for trial imposes great

8    burdens on TCS and its third party witnesses.

9    Nearly all of TCS's witnesses, and many third party witnesses, live in or around eastern

10   Maryland.  Were trial to proceed in California, those witnesses TCS has contacted have indicated

11   that their lives would be significantly interrupted, and their availability would be limited.  If trial

12   occurred instead in Maryland, these witnesses would be much more readily available, and their

13

14   time away from their work and other obligations greatly reduced because they would not have to

15   travel across the country and wait to be called.  For a trial in the District of Maryland, the cost of

16   travel for these witnesses would be minimal, and counsel for both parties would be able to alert

17   them of the precise day of their testimony so they can drive to trial that day instead of being

18   limited by an airplane reservation.

19   The inventors, perhaps the most important witnesses in the case, are Maryland residents.

20   They will testify at trial about their conception, reduction to practice, and development of their

21   invention.  They are third parties and Maryland residents, who have each expressed a great

22

23   reluctance or inability to travel to California (Hamilton Decl. ¶ 5).  The Court and the jury are

24   entitled to hear from them about their invention.  Second to the inventors, the great majority of

25   other key witnesses are in Maryland or on the east coast.  These include Mr. Bollman, who can

26   testify about the process of acquiring the patents-in-suit; Messrs. Richardson, Titus, Pohutsky,

27

28   Stotesbery, Morin and Lorello, who can each testify about the in-house development surrounding

the inventors' work; Mr. Hamilton, who can testify on fact issues related to damages (such as TCS's licensing history); members of the CTIA, who can provide background on short code technology; and members of the MMA, who can provide insight into the usefulness of the patented inventions (Hamilton Decl. ¶¶ 6-11).

This motion does not simply seek to transfer to Newegg and its witnesses the inconvenience TCS would otherwise bear. TCS believes that Newegg's witnesses would have to travel whether the forum is the Northern District of California or the District of Maryland. Newegg is not located in the Northern District of California, and therefore, its witnesses would not be located in this District. Newegg's vendor – 360 Degree Mobile – is also not in this district.[2] Newegg's primary counsel is in Idaho, and would have to travel regardless. Newegg apparently has not retained counsel in the Northern District of California at all. Accordingly, although Newegg's witnesses may have to travel farther to attend trial in Maryland than in this District, they would have to bear a significant inconvenience and travel a considerable distance either way. Therefore, the greatest inconvenience to the greatest number of witnesses and parties can be avoided by transferring this case to the District of Maryland.

Not only does transfer avoid the greatest inconvenience for the greatest number; also, the interests of justice will be met with a transfer. In the District of Maryland, both parties have better access to former and current TCS employee witnesses. The District of Maryland has greater subpoena power over the key witnesses in this case than the Northern District of California. On the other hand, the Northern District of California would at best have subpoena power over the two or three Newegg witnesses who might ultimately provide important trial testimony. See note 2, above. And while Newegg documentation might currently exist in

---

[2] Given the relative simplicity of the infringement issues, there is a substantial chance that only a single Newegg or Newegg-vendor witness would be required to build the trial record of the structure, function, operation and use of the patented invention.

California, it will likely become digitized and manipulated electronically for purposes of this case no matter where trial is located.

In short, the District of Maryland is the only forum that best serves the interests of justice. It is the only forum in which most of the key witnesses would avoid the cost, and minimize the disruption, of travel (indeed, TCS believes that *every* witness would have to travel to the Northern District of California). And, the District of Maryland has a more efficient docket by all key measures than the Northern District of California. It has less than half the caseload congestion, its median time to disposition is almost a month faster, and its median time to trial is a remarkable eight months faster. See tables at www.uscourts.gov/cgi-bin/cmsd2008.pl. Finally, since this case arises under federal patent law, the District of Maryland and the Northern District of California are equally suited to resolve the issues of law. For these reasons, the interests of justice, as well as the convenience of the parties and witnesses, favors a transfer to the District of Maryland.

### D.   Absence of Any Connection to this Forum Nullifies any Deference to Newegg's Choice of Forum

Newegg's choice of this forum merits little to no consideration. Newegg cannot justify bringing the case here.[3] It is not a resident of this judicial district. See *Pac. Car*, 403 F.2d at 954; *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802, at *8; *Fabus Corp.*, 2001 U.S. Dist LEXIS 2568, at *4; cf. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (holding "a foreign plaintiff's choice deserves less deference" in the related context of *forum non conveniens)*. Newegg is organized in Delaware and located in the Central District of California. While TCS does have a place of business here, it is a small operation of a few employees

---

[3] TCS had a single communication with Newegg before this suit – a written license offer to abate the infringement for possibly as little as $5,000. See the letter attached to the Complaint. Newegg did not reply to the license offer, but immediately filed suit in a highly inconvenient forum.

acquired in 2004, after the events surrounding the invention of the patents-in-suit had already concluded on the other side of the country.  Those employees are strangers to this dispute, and have no job responsibilities that might make them witnesses on any remotely relevant issues.

Nor does the Northern District of California have any particular interest in this litigation or its parties.  The parties are strangers to this forum.  Thus, this judicial district has no particular interest in governing the conduct or righting the wrongs of the parties before it.  This is true even though TCS's answer to Newegg's Complaint asserts a mandatory counterclaim for infringement of the patents-in-suit.  TCS's counterclaim does not waive its ability to move for a transfer of venue for the convenience of the parties and witnesses. See *Dragor Shipping Corp. v. Union Tank Car Company*, 378 F.2d 241, 244 (9th Cir. 1967) (jurisdictional and venue objections preserved even after filing compulsory counterclaim).

In sum, jurisdiction and venue are proper in the District of Maryland.  Most of the witnesses (including the inventors) would be extremely inconvenienced by a trial in California.  Any deference to Newegg's choice of forum is severely diminished because it is a Delaware company with its closest office hundreds of miles away.  Finally, the subject matter of this litigation is not connected to this forum.  All of these compel the Court to transfer venue in furtherance of the interests of justice.

## **CONCLUSION**

For the foregoing reasons, TCS respectfully requests that the Court grant its motion to transfer venue.

Dated: April 14, 2009                    DERGOSITS & NOAH LLP


                                         _____
                                                /s/
                                         By:  Michael E. Dergosits
                                         MICHAEL E. DERGOSITS (State Bar No. 118206)

1      TEDDY K. JOE (State Bar No. 242589)
DERGOSITS & NOAH, L.L.P.
2      Four Embarcadero Center, Suite 1450
San Francisco, CA 94111
3      Telephone:     (415) 705-6377
Facsimile:     (415) 750-6383
4      Email: mdergosits@dergnoah.com
Email: tjoe@dergnoah.com
5

6      WILLIAM W. FLACHSBART
(IL State Bar No. 6237069) (of counsel)
7      ROBERT P. GREENSPOON
(IL State Bar No. 6229357) (of counsel)
8      MICHAEL R. LA PORTE
(IL State Bar No. _____) (of counsel)
9      FLACHSBART & GREENSPOON, LLC
The Monadnock Building
10     53 W. Jackson Blvd, Suite 652
Chicago, Illinois 60604
11     Telephone:     (312) 431-3800
Facsimile     (312) 431-3810
12     Email: wwf@fg-law.com
Email: rpg@fg-law.com
13     Email: mrl@fg-law.com

14     Attorneys for
Defendant TeleCommunication Systems, Inc.

16

1

## CERTIFICATE OF SERVICE

2

3          The undersigned hereby certifies that all counsel of record who are deemed to have

4   consented to electronic service are being served with a copy of this document via the Court's

5   CM/ECF system per Civil L. R. 5-6 on April 14, 2009.

6

7   Dated: April 14, 2009                    DERGOSITS & NOAH LLP

8
                                             _____
                                                      /s/
9                                            By:  Michael E. Dergosits
                                             MICHAEL E. DERGOSITS (State Bar No. 118206)
10                                           TEDDY K. JOE (State Bar No.  242589)
                                             DERGOSITS & NOAH, L.L.P.
11                                           Four Embarcadero Center, Suite 1450
                                             San Francisco, CA 94111
12                                           Telephone:    (415) 705-6377
                                             Facsimile:    (415) 750-6383
13                                           Email: mdergosits@dergnoah.com
                                             Email: tjoe@dergnoah.com
14
                                             WILLIAM W. FLACHSBART
15                                           (IL State Bar No. 6237069) (of counsel)
                                             ROBERT P. GREENSPOON
16                                           (IL State Bar No. 6229357) (of counsel)
                                             MICHAEL R. LA PORTE
17                                           (IL State Bar No. 6237510) (of counsel)
                                             FLACHSBART & GREENSPOON, LLC
18                                           The Monadnock Building
                                             53 W. Jackson Blvd, Suite 652
19                                           Chicago, Illinois 60604
                                             Telephone:    (312) 431-3800
20                                           Facsimile     (312) 431-3810
                                             Email: wwf@fg-law.com
21                                           Email: rpg@fg-law.com
                                             Email: mrl@fg-law.com
22
                                             Attorneys for
23                                           Defendant TeleCommunication Systems, Inc.

24

25

26

27

28