1  MICHAEL E. DERGOSITS (State Bar No. 118206)
   TEDDY K. JOE (State Bar No. 242589)
2  DERGOSITS & NOAH, L.L.P.
   Four Embarcadero Center, Suite 1450
3  San Francisco, CA 94111
   Telephone:    (415) 705-6377
4  Facsimile:    (415) 750-6383
   Email: mdergosits@dergnoah.com
5  Email: tjoe@dergnoah.com

6  WILLIAM W. FLACHSBART (IL State Bar No. 6237069) (of counsel)
   ROBERT P. GREENSPOON   (IL State Bar No. 6229357) (of counsel)
7  MICHAEL R. LA PORTE (IL State Bar No. 6237510) (of counsel)
   FLACHSBART & GREENSPOON, LLC
8  The Monadnock Building
   53 W. Jackson Blvd, Suite 652
9  Chicago, Illinois 60604
   Telephone:    (312) 431-3800
10 Facsimile     (312) 431-3810
   Email: wwf@fg-law.com
11 Email: rpg@fg-law.com
   Email: mrl@fg-law.com

Attorneys for Defendant TeleCommunication Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEWEGG, INC., <br><br>            Plaintiff,<br><br>       vs.<br><br>TELECOMMUNICATION SYSTEMS, INC.<br><br>            Defendant. | **Case No. 09-CV-00982-JL**<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Hearing: May 20, 2009, 9:30 a.m.<br>Location: Courtroom F, 15th Floor<br>Judge: Magistrate Judge James Larson |

# TABLE OF CONTENTS

**INTRODUCTION TO THE REPLY**......................................................................................1

    I.    **NEWEGG'S FACTS DO NOT HELP THE COURT ANALYZE §1404(a)**......................................................................................................2

    II.   **TRANSFER TO MARYLAND WOULD MAXIMIZE NET CONVENIENCE, NOT MERELY SHIFT INCONVENIENCE TO NEWEGG**........................................................................................................4

    III.  **NEWEGG'S MISSTATEMENTS OF LAW SHOULD NOT MASK THECRITICAL FACT – NO WITNESS RESIDES IN THIS JUDICIAL DISTRICT**...............................................................................5

    IV.  **NEWEGG CANNOT DISPUTE THAT IMPORTANT THIRD-PARTIES ARE WITHIN SUBPOENA POWER OF THE DISTRICT OF MARYLAND**...............................................................7

    V.   **OTHER FACTORS ARE NEUTRAL OR SUPPORT TRANSFER**.........10

**CONCLUSION**.................................................................................................................11

**TABLE OF AUTHORITIES**

**Cases**

*Botkin v. Estate of O'Brien*, 2003 U.S. Dist. LEXIS 6293, at *7 (N.D. Cal. 2003) ....................... 5

*Costco Wholesale Corp. v. Liberty Mutual Insurance Co.*, 472 F. Supp. 2d 1183, 1194 (S.D. Cal. 2007) ........................................................................................................................................ 6

*Farrior v. George Weston Bakeries Distribution, Inc.*, 2009 U.S. Dist. LEXIS 2636, at *31 (E.D.N.Y. 2009) ........................................................................................................................ 7

*Flotsam of California, Inc, v. Huntington Beach Conference and Visitors Bureau*, 2007 U.S. Dist. LEXIS 31762, at *12 (N.D. Cal. 2007) ............................................................................. 5

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) ...................................................................... 5

*Hyundai Space & Aircraft Co., Ltd. v. The Boeing Company*, 1999 U.S. Dist. LEXIS 16025, at *18-*21 (N.D. Cal. 1999) ..................................................................................................... 3, 8

*Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 610 n.2 (E.D. La. 2000) ................ 6

*Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955) ............................................................................ 6

*Ming Hsu v. VTEX Energy, Inc.*, 2007 U.S. Dist. LEXIS 33806, at *8 (N.D. Cal. 2007) .............. 4

*Rogan v. United States*, 2008 U.S. Dist. LEXIS 7444, at *20 n.5 (N.D. Ind. 2008) ...................... 2

*Royal Queentex Enters. Inc. v. Sara Lee Corp.*, 2000 U.S. Dist. LEX ........................................... 9

*Williams v. Weis Markets, Inc.*, 2002 U.S. Dist. LEXIS 798, at *4 (E.D. Pa. 2002) .................. 3, 8

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................. passim

## **INTRODUCTION TO THE REPLY**

Newegg's opposition does not challenge the facts which merit transfer to the District of Maryland:

- Newegg's declaratory judgment action could have been brought in the District of Maryland because TCS is subject to personal jurisdiction where it maintains corporate headquarters, and venue is proper there,
- Important TCS third-party witnesses do not reside within the subpoena power of this judicial district,
- No operative facts occurred in this judicial district,
- The District of Maryland is the most convenient forum for the most witnesses, and particularly the third-party inventors (the *most* important witnesses), and
- Newegg would be inconvenienced in either forum, but only the District of Maryland minimizes TCS's inconvenience.

Instead, Newegg relies on numerous points that are irrelevant to the convenience or justice factors under 28 U.S.C. § 1404(a). When it is not painting a negative gloss on TCS for its efforts to resolve pervasive industry infringement through amicable out-of-court licensing negotiations,[1] or objecting to its own choice of venue (see Docket Index No. 16, at 7 n.3 (hereinafter "DI 16")),[2] Newegg really has very little to say.

---

[1] Here is one quotation that exemplifies Newegg's spin: "TCS is . . . committed to a concerted campaign of demanding patent royalties from companies around the country . . . ." (DI 16, at 3). One man's "concerted campaign of demanding patent royalties" is another man's quest for justice in the face of an entire industry profiting from technology they do not own.

[2] Absent changed circumstances, a plaintiff may not seek to change its own choice of venue, and seek § 1404(a) transfer from the forum in which it filed. *Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*, 2003 U.S. Dist. LEXIS 1955, at *10 (N.D. Tex. 2003). In this way, the court's role is not to locate the most convenient forum, but rather assess whether the proposed transferee forum is more convenient. *VMS/PCA Limited Partnership v. PCA Partners Limited Partnership*, 727 F. Supp. 1167, 1175 (N.D. Ill. 1989).

## I. NEWEGG'S FACTS DO NOT HELP THE COURT ANALYZE § 1404(a)

Newegg's opposition takes the Court down several paths that are irrelevant to the question of whether this declaratory judgment action should be transferred to the District of Maryland. In arguing that TCS is subject to personal jurisdiction in this District, Newegg diverts the Court's attention from the pertinent question of whether Newegg could have brought the action in the transferee court. TCS is clearly subject to personal jurisdiction in the District of Maryland, the location of TCS' corporate headquarters. Moreover, in wrongly focusing upon TCS's contacts with this District, Newegg obscures the uncontroverted conclusion that no operative facts relevant to this litigation took place in this District.

Newegg's presentation of facts concerning this Court's exercise of personal jurisdiction over TCS is entirely irrelevant. The fact that TCS is registered to do business in California, has been here continuously and systematically, and that its Oakland office might be hiring (DI 16 at 3, 8) speaks only to an issue that TCS does not dispute here – personal jurisdiction. Since a transfer analysis under 28 U.S.C. § 1404(a) presumes personal jurisdiction over TCS in the transferor Court, these facts and TCS' purported admission of proper venue here (DI 16 at 5), are not helpful to this Court in analyzing the convenience or interests of justice factors under § 1404(a).

Newegg also invokes flawed personal jurisdiction arguments going in the other direction. Namely, Newegg suggests that transfer is forbidden because the District of Maryland supposedly lacks personal jurisdiction over declaratory judgment plaintiff Newegg (DI 16, at 2, item 7). This exact argument, too, has long been held "irrelevant" to a § 1404(a) analysis. *Rogan v. United States*, 2008 U.S. Dist. LEXIS 7444, at *20 n.5 (N.D. Ind. 2008) (citing cases, and explaining why personal jurisdiction over the plaintiff in the transferee forum does not bear on the question of whether the plaintiff "could have brought" the case in the transferee forum).

Despite Newegg's efforts to characterize TCS's relations with this forum, Newegg is unable to establish that any operative facts relevant to this action for declaratory judgment of patent non-infringement and patent invalidity took place in this District. For example, Newegg highlights TCS's Oakland office space (DI 16, at 2-3) – but TCS presented uncontradicted

1  evidence (DI 7, Hamilton Decl. ¶ 4) that such office and its personnel have utterly nothing to do
2  with the operative facts of this case. See *Williams v. Weis Markets, Inc.*, 2002 U.S. Dist. LEXIS
3  798, at *4 (E.D. Pa. 2002) (transferring where no witnesses resided in the forum, even though
4  defendant had an unrelated facility there); *Hyundai Space & Aircraft Co., Ltd. v. The Boeing
5  Company*, 1999 U.S. Dist. LEXIS 16025, at *18-*21 (N.D. Cal. 1999) (transferring after
6  rejecting "the proposition that access to office space outweighs the inconvenience placed on
7  other parties and witnesses forced to travel to another forum.").

8        In yet another detour from the analysis of relevant factors, Newegg also calls TCS a
9  "sophisticated litigant" (DI 16, at 3), hoping the Court will overlook that a limited history as a
10  participant in federal court actions does not impact any of the factors under § 1404(a).[3] Even if
11  this were some kind of factor, Newegg's label for TCS is dubious. Newegg only cites four
12  litigations over the past decade – a recent patent infringement win near TCS's home turf; a
13  Wisconsin employment case that the court dismissed right after TCS moved to transfer; a
14  securities defense pending since 2001 in New York (a quick train ride from Baltimore); and a
15  short-lived discovery matter where TCS (a subpoenaed non-party) produced non-confidential
16  documents from Maryland to Texas under a subpoena that for unknown reasons issued out of the
17  Eastern District of California.[4] Newegg fails to explain how such a limited history in federal
18  court actions might impact the question at bar – is the District of Maryland a more convenient
19  forum, and does it better serve the interests of justice, than the Northern District of California?
20  Events in other cases logically have nothing to do with the location of the witnesses and the
21  parties with respect to *this* judicial district.

---

[3] In a May 1, 2009 LEXIS search, defendant's counsel searched on "1404 and 'sophisticated litigant.'" None of the 4 results showed a court using a party's status as a "sophisticated litigant" to analyze any of the factors under § 1404(a).

[4] For cost-saving purposes, TCS chose not to move to quash the highly irregular subpoena. See Burdett Decl. ¶ 2, filed herewith. While TCS did produce some discovery under that subpoena, none of it was sourced from, delivered to, or had any connection with, the Eastern District of California (or anywhere in California). Burdett Decl. ¶ 3. The only reason TCS participated in the Eastern District of California was to have the issuing court enter the confidentiality protective order – an order that TCS never invoked because no confidential documents were ever produced. Burdett Decl. ¶ 4.

## II. TRANSFER TO MARYLAND WOULD MAXIMIZE NET CONVENIENCE, NOT MERELY SHIFT INCONVENIENCE TO NEWEGG

Newegg raises this smokescreen of irrelevancies to press its theme that transfer would merely shift inconvenience from one party to the other (DI 16, at 6, 8). This is flawed, for two reasons.

First, Newegg and its supposed witnesses already reside hundreds of miles away from the Northern District of California. Newegg would measure its own relative inconvenience by the difference between one flight (Los Angeles to San Francisco) and another (Los Angeles to Baltimore.) By contrast, transfer to Maryland would eliminate tremendous hardship for TCS. Transfer means the difference between an inexpensive and efficient drive to a Baltimore courtroom, versus flying and lodging almost as far across the country as one can go. Only by transferring to Maryland can the Court maximize the overall gain in convenience to the largest number of the parties and witnesses. Even if Newegg were to experience a slight additional inconvenience to litigate in Maryland, the strong gain in convenience for TCS more than counterbalances it, particularly where, as here, the litigation has absolutely no connection to this District.

Second, even at the threshold, Newegg fails to present evidence that would allow the Court to consider its inconvenience arguments. In short, Newegg has no colorable "evidence" of inconvenience. Newegg's declarant, Mira S. Wolf, names James Wu (CTO), Michael Amkreutz (VP, Product Management) and Bernard Luthi (VP Merchandising) as the party-witnesses whose convenience it seeks to protect (DI 18, ¶ 12). But Ms. Wolf does not provide any specifics about the substance of their expected testimony. See *Ming Hsu v. VTEX Energy, Inc.*, 2007 U.S. Dist. LEXIS 33806, at *8 (N.D. Cal. 2007) (under § 1404(a) analysis, party's failure to specify the substance of the testimony makes "it difficult for the Court to determine [the witnesses'] relative importance to the litigation."); *Flotsam of California, Inc, v. Huntington Beach Conference and Visitors Bureau*, 2007 U.S. Dist. LEXIS 31762, at *12 (N.D. Cal. 2007) ("the proffering party must set forth the 'substance of the evidence each [witness] will give.'"); *Botkin v. Estate of*

4

REPLY SUPPORTING MOTION TO TRANSFER VENUE
Case No. 09-cv-00982-JL

1  *O'Brien*, 2003 U.S. Dist. LEXIS 6293, at *7 (N.D. Cal. 2003) ("In determining which district is
2  more convenient for witnesses, the identity of the witnesses, the location of the witnesses
3  residences and the substance of their testimony are factors to be considered."). Given the total
4  absence of specificity on their areas of testimony, the record does not support that Newegg's
5  named employees would be called as trial witnesses on any relevant issue. Thus, only TCS has
6  addressed the relative convenience factors for persons who would likely be called at trial – and
7  the vast majority of them live in the Annapolis, Maryland area.[5]

8  Newegg's hearsay objection to TCS's evidence (DI 16, at 5 n.1) (based on Mr. Hamilton
9  conveying the witnesses' desires to the Court rather than the witnesses themselves) lacks merit.
10 See *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 610 n.2 (E.D. La. 2000)
11 (holding reliable hearsay statements concerning witness inconvenience may be considered on a
12 transfer motion). It is not clear what Newegg hopes to gain by making such an objection
13 anyway. The Court may take judicial notice that third-party Annapolis-based inventors Smith
14 and Wilson would be inconvenienced to testify at trial in San Francisco. Cf. *Costco Wholesale*
15 *Corp. v. Liberty Mutual Insurance Co.*, 472 F. Supp. 2d 1183, 1194 (S.D. Cal. 2007) (overruling
16 hearsay objection on § 1404(a) motion, noting the "only pertinent consideration" is the
17 unchallenged fact that one forum would put the third-party witnesses outside the court's
18 subpoena power.)

19
20 **III.  NEWEGG'S MISSTATEMENTS OF LAW SHOULD NOT MASK THE CRITICAL FACT – NO WITNESS RESIDES IN THIS JUDICIAL DISTRICT**

21 Newegg's opposition invites error with other gross misstatements of the law. For
22 example, Newegg cites the Supreme Court case *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509
23 (1947) for the proposition that "transfer is justified only in 'rather rare cases.'" (DI 16, at 6). But
24 *Gulf Oil* addressed a different matter – not transfer but dismissal under the doctrine of *forum non*

25 ───────────────

26 [5] How ironic that Newegg complains about hearsay and lack of specificity in TCS's evidence (DI 16, at 5 n.1, 9). Newegg itself presents hearsay in the same manner for the same
27 purpose within its Delacourt Declaration, DI 19. And, while TCS states the subject areas of East Coast witness testimony, Newegg keeps the Court in the dark about what kind of evidence
28 Messrs. Wu, Amkreutz or Luthi might present at trial.

*conveniens*.  Courts (including the Supreme Court) have long recognized that dismissal under that doctrine is rare, whereas courts have much broader discretion to transfer under § 1404(a).  See *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955) ("The *forum non conveniens doctrine* is quite different from Section 1404(a). . . .[The words of Section 1404(a)] should be considered for what they say, not with preconceived limitations derived from the *forum non conveniens* doctrine.")  Newegg ignores the *Norwood* case, which explicitly states that "Congress, by the term 'for the convenience of the parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. . . .  [T]he discretion to be exercised is broader." *Id.* at 32.  Thus, transfers under § 1404(a) are exceedingly common, not rare.

Frivolous arguments abound in Newegg's briefs – two have already been mentioned: the frivolous argument that Newegg would have to be subject to Maryland's personal jurisdiction for transfer to be proper, and the frivolous argument that the Supreme Court warns that transfers under § 1404(a) are "rare."  But notably missing from Newegg's papers is a single case law citation where a court *denied* a transfer motion away from a forum with *no* witnesses and *no* connection to the charge of infringement.[6]  That is because it is commonplace to transfer when no witnesses reside in the transferor forum:

- *Farrior v. George Weston Bakeries Distribution, Inc.*, 2009 U.S. Dist. LEXIS 2636, at *31 (E.D.N.Y. 2009) (emphasis added, granting transfer):

    In sum, the deference to plaintiffs' choice of forum is significantly diminished in this case because plaintiffs do not reside in this District and this District has little or no connection to the operative facts in this case.  Moreover, any deference to plaintiffs' choice of forum is substantially outweighed by the other factors favoring transfer – including the fact that many of the defendants' witnesses are in the Eastern District of Pennsylvania and ***no witnesses*** are in this District.

- *Williams v. Weis Markets, Inc.*, 2002 U.S. Dist. LEXIS 798, at *4 (E.D. Pa. 2002) (emphasis added, granting transfer):

---

[6] The closest Newegg comes is its citation to *Everprest, Inc. v. Phillips-Van Heusen Corp.*, 300 F. Supp. 757, 759 (D. Ala. 1969) (DI 16, at 7 n.4).  In *Everprest*, the Court specifically held that it was "clear that the infringement charged is connected with this district." *Id.*  Thus, Newegg's champion case is distinguishable.  In addition, the only witnesses mentioned by the court were party-witnesses, whereas here, many non-party witnesses reside in Maryland.

6

> The Eastern District of Pennsylvania is neither plaintiff's home district nor the locus of any operative facts underlying this action.  ***No witness*** resides in this district and no pertinent records are located here.  There is no connection between this litigation and this forum.  The only connection of any party to this district is the operation by Weis of a supermarket in Pottsdown.

- *Hyundai Space & Aircraft Co., Ltd. v. The Boeing Company*, 1999 U.S. Dist. LEXIS 16025, at *18-*21 (N.D. Cal. 1999) (emphasis added, granting transfer):

> Defendants point out that no case law supports the proposition that access to office space outweighs the inconvenience placed on other parties and witnesses forced to travel to another forum.
>
> * * *
>
> Defendants argue that the 717-200 program and virtually all United States witnesses are located in the Central District, while ***no witness*** is located in the Northern District, demonstrating that the Central District is the most convenient forum.
>
> * * *
>
> ***No party, witness, or document*** is located in the Northern District. . . .  Except for plaintiff's original choice of forum, all factors are either neutral or point away from this district. . . .  Defendants' motion to transfer venue is therefore GRANTED. . . .

Since the case law uniformly counsels transfer under these identical circumstances – i.e., where there are no witnesses in the forum, and the operative facts all occurred elsewhere – Newegg cannot seriously dispute that TCS made a strong showing that transfer to the District of Maryland is in the interest of justice and serves the overall convenience of the parties and the witnesses.

**IV. NEWEGG CANNOT DISPUTE THAT IMPORTANT THIRD-PARTIES ARE WITHIN SUBPOENA POWER OF THE DISTRICT OF MARYLAND**

TCS explained in its opening brief that relevant third-parties are on the East Coast, including the inventors Smith and Wilson (in Annapolis, Maryland), attorney Bollman (in Washington, D.C.), the CTIA (in Washington, D.C.), and the Mobile Marketing Association (in New York City).  The location of third-party witnesses is usually the most important convenience and justice factor of all. *Royal Queentex Enters. Inc. v. Sara Lee Corp.*, 2000 U.S. Dist. LEXIS 10139, at *18-*19 (N.D. Cal. 2000).  That is because courts recognize that reading a

1  deposition at trial – even a videotaped deposition – is no substitute for the advantages to the
2  parties, the judge and the jury of having important witnesses appear live at trial. *Gulf Oil*, 330
3  U.S. at 511 ("to fix the place of trial at a point where litigants cannot compel personal attendance
4  and may be forced to try their cases on deposition, is to create a condition not satisfactory to the
5  court, jury or most litigants."); see also *Costco*, 472 F. Supp. 2d at 1194 ("Offering unavailable
6  witnesses' testimony via videotaped deposition testimony is disfavored . . ."); *Laitram*, 120 F.
7  Supp. 2d at 610 ("It is essential to the cause of justice itself.  Deposition testimony . . . is a
8  sterile, inadequate substitute for live testimony on key issues.").  Here, the Court may easily
9  reject Newegg's arguments seeking to minimize the significance of TCS's East Coast third-party
10 witnesses.

11      At the outset, TCS notes that Newegg does not address (much less refute) TCS's
12 evidence about the CTIA and its staff (DI 7, Hamilton Decl. ¶ 7).  This organization has
13 important trial witnesses, namely on the technology surrounding SMS short code deployment.
14 For purposes of this motion, Newegg effectively concedes that the CTIA are important third-
15 party witnesses, found within the subpoena power of the District of Maryland but not of the
16 Northern District of California.[7]

17      Newegg does not, and cannot, dispute that inventors Smith and Wilson would be key
18 witnesses at trial.  Instead, Newegg tries to distract from that by misstating what they said.
19 Contrary to Newegg's argument, the inventors did not make the "remarkable" statement that they
20 would of a certainty be "*unwilling* to testify at trial in this California patent case" (DI 16, at 5,
21 emphasis in original), but instead made the highly credible statement that it would be a great
22 disruption for them to *travel* to trial if it is in San Francisco (DI 7, Hamilton Decl. ¶ 5).  Namely,
23 they might be unwilling or (critically) unable to do so when the time comes, and it would be far
24 more convenient for them to drive to Baltimore instead (DI 7, Hamilton Decl. ¶ 5).
25 Notwithstanding Newegg's nefarious wordplay calculated to impugn their credibility, the

26 _____

27      [7] These facts about the CTIA contradict Newegg's statement that "all of the unaffiliated
   third parties either *favor* this venue or are known to be located elsewhere in California (in the
28 Central District) (DI 16, at 1).

8

inventors would certainly *testify* at trial wherever it is, since each party has the power to obtain their subpoenaed testimony. But by transferring this case to the District of Maryland, this Court will serve the interests of justice by ensuring that such testimony is *live and in-person*. See *Gulf Oil*, 330 U.S. at 511.

Against TCS's evidence, Newegg supplies a single piece of evidence – the Declaration of Scott D. Delacourt, the outside general counsel for the MMA. Mr. Delacourt testifies that MMA employees would not prefer the District of Maryland over the Northern District of California (DI 19, Delacourt Decl. ¶ 8). What Mr. Delacourt does not say might be more significant than what he does – he does *not* say the MMA prefers the Northern District of California. Thus, at most, Mr. Delacourt's declaration expresses neutrality.[8]

Surprisingly, Newegg presents no evidence that the remaining third-party – 360 Degree Mobile – has any problem presenting its one or two potential trial witnesses in the District of Maryland (see DI 16, at 9). While Newegg makes an attorney-argument that "transferring . . . would not serve the interests of any witnesses employed by 360 Degree Mobile" (id.), the absence of any declaration from 360 Degree Mobile is telling. If Maryland were truly inconvenient for it, surely 360 Degree Mobile, as Newegg's vendor, would have offered a declaration saying so. The upshot is that the only California-based third-party that both sides agree might have relevant trial testimony did not state any objection to transfer to (and thus trial in) the District of Maryland. Their disinterest makes sense, as 360 Degree Mobile is already an airline flight away no matter what courtroom takes this case.

---

[8] Even though TCS's moving papers addressed the convenience factors for the MMA's employees (not its membership), Mr. Delacourt explains at length the unremarkable fact that the MMA has members all over the country. Indeed, TCS is one of them. But that is not the point, as Mr. Delacourt does not contradict that the MMA's 15 employees are located in New York City. Indeed, Mr. Delacourt's statement about the membership in paragraph 7 is not only superfluous, it is incorrect. He states that no MMA member has expressed any concerns regarding inconvenience of the Northern District of California, or preference for the District of Maryland (DI 19, Delacourt Decl. ¶ 7). This statement is wrong because TCS, as an MMA member, has done exactly that through the filing of this motion.

9

REPLY SUPPORTING MOTION TO TRANSFER VENUE
Case No. 09-cv-00982-JL

## V. OTHER FACTORS ARE NEUTRAL OR SUPPORT TRANSFER

Newegg acknowledges that the location of documents is a less significant factor (DI 16, at 9). Indeed, this factor would be neutral, or slightly favor TCS. Newegg concedes it has documents outside this judicial district (although somewhere in California), and naturally, TCS has documents in Maryland. Newegg is incorrect, though, to argue that TCS "did not even address this factor in its papers." As TCS stated in its motion (DI 6, at 11), "while Newegg documentation might currently exist in California, it will likely become digitized and manipulated electronically for purposes of this case no matter where trial is located."

The remaining factors are not neutral at all, since they strongly favor transfer to the District of Maryland. For example, the interest of justice is best served by having the forum court be the court that decides any major discovery disputes in a case. The federal court system functions most effectively if remote courts do not have to duplicate the work of a forum court. If this case is not transferred to Maryland, the Northern District of California would *not* preside over most hypothetical discovery disputes, particularly concerning the important third parties. Only the District of Maryland offers a forum that would minimize the chances that a remote court would have to educate itself on the issues in this case in order to adjudicate discovery disputes.

In addition, TCS previously pointed out that by all major metrics, the District of Maryland has the least docket congestion and the quickest median time to disposition or trial. Newegg cannot refute these facts, but instead cites a different (less current) data set to argue that *one* of these metrics did not used to be so favorable to transfer (DI 16, at 10). Namely, Newegg argues that the median time to trial used to be only one month slower here than in Maryland, so the Court should supposedly disregard that now this Court is 8 months slower. It is hard to grasp what Newegg hopes to gain by pointing out that this Court's congestion has gotten worse, not better. Newegg's "interest of justice" data actually support transfer to the district of Maryland.

Finally, citing no authority, Newegg argues that this Court should keep an otherwise inconvenient case because this Court makes its local patent rules available to patent litigants (DI

16, at 10). On the contrary, courts recognize that no federal judicial district is presumed to be more skilled in issues of patent law than any other. See *Digital Background Corp. v. Apple, Inc.*, 2008 U.S. Dist. LEXIS 21101, at *9 (S.D. Ill. 2008) (holding neutral the "familiarity with applicable law" factor between Southern District of Illinois and the Northern District of California, *even after acknowledging* this District's local patent rules). If anything, this case might present a unique instance of a damage claim so potentially small (as low as $5,000 – see letter attached to DI 1) that strict application of the local patent rules would create unexpected *inefficiencies*, and TCS would seek relief from strict application of the rules under Patent Local Rule 3-1.

## **CONCLUSION**

For the foregoing reasons, TCS respectfully requests that the Court grant its motion to transfer venue.

Dated: May 6, 2009                                         DERGOSITS & NOAH LLP

                                                                              /s/
By: Michael E. Dergosits
MICHAEL E. DERGOSITS (State Bar No. 118206)
TEDDY K. JOE (State Bar No. 242589)
DERGOSITS & NOAH, L.L.P.
Four Embarcadero Center, Suite 1450
San Francisco, CA 94111
Telephone:   (415) 705-6377
Facsimile:   (415) 750-6383
Email: mdergosits@dergnoah.com
Email: tjoe@dergnoah.com

WILLIAM W. FLACHSBART
(IL State Bar No. 6237069) (of counsel)
ROBERT P. GREENSPOON
(IL State Bar No. 6229357) (of counsel)
MICHAEL R. LA PORTE
(IL State Bar No. 6237510) (of counsel)
FLACHSBART & GREENSPOON, LLC
The Monadnock Building
53 W. Jackson Blvd, Suite 652
Chicago, Illinois 60604
Telephone:   (312) 431-3800
Facsimile    (312) 431-3810
Email: wwf@fg-law.com
Email: rpg@fg-law.com
Email: mrl@fg-law.com
Attorneys for
Defendant TeleCommunication Systems, Inc.

1 **CERTIFICATE OF SERVICE**

2

3  The undersigned hereby certifies that all counsel of record who are deemed to have

4 consented to electronic service are being served with a copy of this document via the Court's

5 CM/ECF system per Civil L. R. 5-6 on May 6, 2009.

6 **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE**

7  The undersigned hereby certifies that some of the participants in the case are not

8 registered CM/ECF users.  The foregoing document will be mailed by First-Class Mail, postage

9 prepaid, to the following non-CM/ECF participants:

10

11
Mira Susan Wolff
12
Newegg, Inc.
16839 E. Gale Avenue
13
City of Industry,  CA 91745

14
 The undersigned certify under penalty of perjury under the laws of the United States of
15
America that the foregoing is true and correct.

16
Dated: May 6, 2009                              DERGOSITS & NOAH LLP
17

18                                                             /s/
                                                By:  Michael E. Dergosits
19                                              MICHAEL E. DERGOSITS (State Bar No. 118206)
                                                TEDDY K. JOE (State Bar No.  242589)
20                                              DERGOSITS & NOAH, L.L.P.
                                                Four Embarcadero Center, Suite 1450
21                                              San Francisco, CA 94111

22                                              WILLIAM W. FLACHSBART
                                                (IL State Bar No. 6237069) (of counsel)
23                                              ROBERT P. GREENSPOON
                                                (IL State Bar No. 6229357) (of counsel)
24                                              MICHAEL R. LA PORTE
                                                (IL State Bar No. 6237510) (of counsel)
25                                              FLACHSBART & GREENSPOON, LLC
                                                The Monadnock Building
26                                              53 W. Jackson Blvd, Suite 652
                                                Chicago, Illinois 60604
27
                                                Attorneys for
28                                              Defendant TeleCommunication Systems, Inc.