John N. Zarian (SBN 145080)
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
E-Mail:  zarian@zarianmidgley.com

Mira S. Wolff (SBN 161672)
NEWEGG INC.
16839 E. Gale Avenue
City of Industry, CA  91745
Telephone:  (626) 271-9700, x. 22032
Facsimile:  (626) 271-9483
E-Mail:  Mira.S.Wolff@newegg.com

Attorneys for Plaintiff
NEWEGG INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TELECOMMUNICATION SYSTEMS, INC., ) <br> a Maryland corporation, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) | Case No.  C 09 0982 JL <br><br> **DECLARATION OF SCOTT D. DELACOURT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE** <br><br> Hearing Date:  May 20, 2009 <br> Hearing Time: 9:30 a.m. <br> Location:  Courtroom F, 15th Floor <br> Judge: Magistrate Judge James Larson |

I, Scott D. Delacourt, declare:

     1.     I submit this declaration in response to the Motion to Transfer filed by the defendant in the above-captioned matter.  I have personal knowledge of the following, and if called as a witness, I could and would testify competently and truthfully thereto.

     2.     I am a partner in the law firm of Wiley Rein, LLP, based in New York City.  I serve as outside general counsel to the Mobile Marketing Association ("MMA").

1

*Declaration of Scott D. Delacourt in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue*
Case No.: C 09 0982 JL

3. I have reviewed the complaint filed by Newegg, Inc. ("Newegg") in the above-captioned case, and I understand that Newegg is seeking a declaratory judgment of non-infringement and invalidity as to U.S. Patent Nos. 6,891,811 B1 (the '811 Patent) and 7,355,990 B2 (the '990 Patent). I further understand that defendant TeleCommunication Systems, Inc. ("TCS") has asserted counterclaims against Newegg for infringement of the '811 Patent and the '990 Patent.

4. In addition, I understand that defendant TeleCommunication Systems, Inc. ("TCS") has filed a motion to transfer venue of this case from the Northern District of California to the District of Maryland. TCS argues that it may call MMA employees as witnesses at any trial to "testify on issues of damages related to the popularity and usefulness of the patented technology," suggesting that the District of Maryland is a more convenient forum than the Northern District of California.

5. Although the MMA has an office in New York City, the MMA is a worldwide association with more than 700 members, including many members located in California and, in particular, within the Northern District of California. The MMA frequently scheduled and holds events in the Western United States for the convenience of its members. In fact, the MMA has significantly more members in the state of California than it does within the state of Maryland.

6. MMA members include agencies, advertisers, wireless carriers, content providers, aggregators, and technology providers all focused on the potential of marketing via the mobile channel. While some of the MMA's members may have knowledge concerning the technologies generally at issue in this case, those members are located throughout the United States, including within the Northern District of California.

6. In any event, the MMA only has 15 employees, none of whom are located in Maryland. As the MMA's outside general counsel, I do not believe they would have any direct information relating to "issues of damages" associated with any patent infringement claims asserted by TCS against

2

*Declaration of Scott D. Delacourt in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue*
Case No.: C 09 0982 JL

Newegg.  Furthermore, I do not believe these employees would have any direct knowledge concerning the two patents in suit.

7. No MMA member has expressed any concerns to me regarding any inconvenience associated with the current venue of this case, nor has any member expressed a preference for the state of Maryland as a venue.

8. In the unlikely event it becomes necessary for any MMA "employees" to testify at the trial of this cause, as outside general counsel, I can represent that the MMA does not prefer the District of Maryland as a venue.  Furthermore, testifying in the Northern District of California would not pose any undue burden or inconvenience, as compared with the District of Maryland.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of April, 2009, at New York City, New York.

/s/ *Scott D. Delacourt*
SCOTT D. DELACOURT

3

*Declaration of Scott D. Delacourt in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue*
Case No.: C 09 0982 JL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of April, 2009, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

                                              /s/ *John N. Zarian*
                                              John N. Zarian

*Declaration of Scott D. Delacourt in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue*
Case No.: C 09 0982 JL