IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEWEGG INC. )<br>)<br>   Plaintiff, )<br>)<br>      v. )<br>)<br>TELECOMMUNICATION SYSTEMS, INC., )<br>)<br>   Defendant. )<br>) | Civil Action No. 1:09-CV-01670-WDQ |

## JOINT STATUS REPORT

Pursuant to the Court's July 14, 2009, Memorandum to the Parties, plaintiff Newegg Inc. ("Plaintiff" or "Newegg") and defendant TeleCommunication Systems, Inc. ("Defendant" or "TCS") hereby submit the following joint status report.

**I.  BACKGROUND AND PROCEDURAL POSTURE**

Plaintiff Newegg is an e-commerce company organized under the laws of the state of Delaware.

Defendant TCS is a provider of wireless data solutions organized under the laws of the state of Maryland. In correspondence dated January 12, 2009, Defendant accused Plaintiff of infringing U.S. Patent No. 6,891,811 (the "'811 patent") and U.S. Patent No. 7,355,990 (the "'990 patent"). The '811 and '990 patents relate to technologies for sending mobile-originated SMS text messages to computer applications.

Plaintiff's Complaint was filed on March 6, 2009, in the United States District Court for the Northern District of California. The Complaint seeks a declaratory judgment that the '811 patent and the '990 patent are each invalid and not infringed by Plaintiff.

Defendant's Answer and Counterclaim was filed on April 14, 2009. The Answer opposes the relief requested by Plaintiff's Complaint, and the Counterclaim alleges that Plaintiff infringed claim 1 of the '811

patent and of the '990 patent under the "use" part of 35 U.S.C. § 271(a).

Plaintiff filed its Answer to Defendant's Counterclaim on May 4, 2009, denying Defendant's claim of infringement and pleading certain affirmative defenses.

On April 14, 2009, Defendant filed a Motion to Transfer Venue to the U.S. District Court for the District of Maryland, which motion was granted in an Order filed June 23, 2009. A Rule 26(f) Report has not yet been filed, and an initial Case Management Conference has not yet been held.

Upon transfer to the District of Maryland, June E. Cohan has entered an appearance, and the Court has granted motions for John N. Zarian and Lane M. Chitwood to appear *pro hac vice*, on behalf of Plaintiff.

Likewise, Jeffrey A. Dunn and Anthony R. Kratz have entered appearances, and the Court has granted motions for William W. Flachsbart, Robert P. Greenspoon and Michael R. La Porte to appear *pro hac vice*, on behalf of Defendant.

## II.   PENDING MOTIONS

There are no motions currently pending in this action.

## III.   STATUS OF DISCOVERY

Discovery has not yet begun in this action.

## IV.   DISPOSITIVE PRE-TRIAL MOTIONS

It is likely that Plaintiff will file one or more dispositive motions regarding patent invalidity and/or non-infringement. Defendant will make such determinations after receipt of discovery from Plaintiff.

## V.   TRIAL

The Parties have demanded a jury trial. The Parties estimate the length of trial to be ten (10) trial days (Plaintiff) or two to three (2-3) trial days (Defendant).

## VI.   CONSENT TO MAGISTRATE

Unanimous consent does not presently exist to proceed before a United States Magistrate Judge.

**VII.   ALTERNATIVE DISPUTE RESOLUTION**

On May 20, 2009, the parties filed a paper (Dkt. No. 36) agreeing to private mediation within ninety (90) days (*i.e.*, by August 18, 2009).

**VIII.  CASE-SPECIFIC PROCEDURES FOR ANY SCHEDULING ORDER**

**A. Plaintiff Newegg's Proposal: "Patent-Specific" Procedures**

Newegg believes that patent-specific procedures should be incorporated into any scheduling order in this action.

Patent cases such as this one present a number of important and unique issues, including the need to identify: (1) all asserted patent claims, (2) all accused products, (3) all prior art that may invalidate the patent claims, (4) each party's element-by-element infringement or non-infringement contentions, and (5) each party's claim construction positions.  These issues arise ***regardless*** of the amount of damages purportedly at issue.  As a result, many of the districts in which most patent litigation is conducted have enacted special local rules just for patent disputes.  In addition, attorneys in patent cases pending in other districts – including this one – often propose to the court, as part of their Rule 16 or 26 report, a schedule modeled after such rules.

Accordingly, in the instant case, Newegg proposes the following sequence of patent-specific procedures, which has been approved often in this District, including, for example, by Judge Garbis and Judge Bennet:

1. Within one (1) month after entry of a scheduling order, Defendant TeleCommunication Systems, Inc. (hereinafter "Patent Claimant") shall file and serve an Initial Disclosure of Asserted Claims and must produce or make available for inspection and copying the documents specified herein.

    a. The Initial Disclosure of Asserted Claims shall contain the following information:

        (1) Identification of each claim of each patent in suit that is allegedly infringed by Plaintiff Newegg Inc. (hereinafter "Alleged Infringer").

        (2) Separately for each allegedly infringed claim, each accused apparatus, product, device,

3

   process, method, act or other instrumentality (accused instrumentality) of which the Patent Claimant is aware. This identification shall be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device or apparatus which, when used, results in the practice of the claimed method or process.

  (3) The date of conception and the date of reduction to practice of each asserted claim.

 b. At the time of filing the Initial Disclosure of Asserted Claims, the Patent Claimant must produce or make available for inspection and copying all documents relating to:

  (1) Any offers to sell each claimed invention prior to the date of application for the patent; and,

  (2) Research, design, and development of each claimed invention.

2. Within three (3) months after entry of a scheduling order, the Alleged Infringer shall serve and file an Initial Disclosure of Prior Art and must produce or make available for inspection and copying of documents described herein:

 a. The Initial Disclosure of Prior Art shall contain the following information:

  (1) Each item of prior art that the party contends anticipates the claim or renders it obvious.

  (2) For each item of prior art, whether it anticipates the claim or renders it obvious, if a combination of prior art references renders a claim obvious, that combination must be identified.

  (3) The identification of prior art must be as specific as possible. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, its author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used, the date the offer or use took place, and the identity of

the person or entity which made the use or which made and received the offer.

b. At the time of filing the Initial Disclosure of Prior Art, the Alleged Infringer must produce or make available for inspection and copying any source code, specifications, schematics, flow charts, artwork, formulas or other documentation on any accused instrumentality.

3. Within four (4) months after entry of a scheduling order, Patent Claimant shall file and serve a Claim Chart and Proposed Claim Construction Statement.

a. The Claim Chart shall contain the following information:

(1) Each claim of any patent in suit which the party alleges was infringed;

(2) The identity of each apparatus, product, device, process, method, art or other instrumentality of each opposing party which allegedly infringes each claim;

(3) Whether such infringement is claimed to be literal or under the doctrine of equivalents;

(4) Where each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality; and,

(5) If Patent Claimant wishes to preserve the right to rely on its own apparatus product, device, process, method, act or other instrumentality as evidence of commercial success, the party must identify, separately for each claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

b. The Proposed Claim Construction Statement shall contain the following information for each claim in issue:

(1) Identification of any special or uncommon meanings of words or phrases in the claim;

(2) All references from the specification that support, describe, or explain each element of the claim;

(3) All material in the prosecution history that describes or explains each element of the

claim; and,

(4) Any extrinsic evidence that supports that proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

4. Within five (5) months after entry of a scheduling order, Alleged Infringer shall file and serve a Responsive Claim Chart and Responsive Proposed Claim Construction Statement.

   a. The Responsive Claim Chart shall contain the following information:

   (1) The identity of each item of prior art that anticipates the claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, its author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by the item offered for sale or publicly used, the date the offer or use took place, the identity of the person or entity which made the use or which made and received the offer;

   (2) Whether it anticipates the claim or renders it obvious. If a combination of prior art references makes a claim obvious, that combination must be identified;

   (3) Where, specifically, within each item of prior art each element of the claim is found;

   (4) All grounds of invalidity other than anticipation or obviousness of any of the claims listed in Patent Claimant's Claim Chart. This identification must be as specific as possible. For example, if a best mode defense is raised, each adverse party must set forth with particularity what constitutes the inventor's best mode, specifically citing information or materials obtained in discovery to the extent feasible. If an enablement defense is raised, each adverse party must set forth with particularity what is lacking in the specification to enable one skilled in the art to make or use the invention; and,

   (5) If Patent Claimant has alleged willful infringement, the date and a document reference

number of each opinion of counsel, if any, upon which the Alleged Infringer relies in support of a defense to the willfulness allegation.

b. The Responsive Proposed Claim Construction Statement shall contain the following information:

(1) Identification of any special or uncommon meanings of words or phrases in the claim in addition to or contrary to those disclosed in the Proposed Claim Construction Statement;

(2) All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those disclosed in the Proposed Claim Construction Statement;

(3) All material in the prosecution history that describes or explains each element of the claim in addition to or contrary to those disclosed in the Proposed Claim Construction Statement; and,

(4) Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

5. Amendment of a Claims Chart or a Responsive Claims Chart may be made only by stipulation of all parties or by Order of the Court, which Order shall be entered only upon a showing that such an amendment is directly required by (i) excusable subsequent discovery of new information, (ii) the Court's Claim Construction Order, or (iii) extraordinary good cause.

6. Within five (5) months and two (2) weeks after entry of a scheduling order, the parties shall meet and confer for the purpose of preparing a Joint Claim Construction Statement.

7. Within six (6) months after entry of a scheduling order, the parties shall file a Joint Claim Construction Statement, which shall contain the following information:

a. The construction of those claims and terms on which the parties agree;

      b. Each party's proposed construction of each disputed claim and term, supported by the same information that is required in the respective claim construction statements; and,

      c. For any party who proposes to call one or more witnesses at any claim construction hearing, the identity of each such witness, the subject matter of each witness' testimony and an estimate of the time required for such testimony.

8. Claim construction issues shall be resolved as follows:

      a. Within seven (7) months after entry of a scheduling order, Patent Claimant shall file and serve an opening brief with supporting evidence and identification of any proposed *Markman* hearing witnesses.

      b. Within eight (8) months and two (2) weeks after entry of a scheduling order, Alleged Infringer shall file and serve a responsive brief with supporting evidence and identification of any proposed *Markman* hearing witnesses.

      c. Within nine (9) months after entry of a scheduling order, Patent Claimant shall file and serve any reply brief and supporting evidence directly rebutting Patent Claimant's supporting evidence and identification of any proposed *Markman* hearing rebuttal witnesses.

      d. There shall be a claim construction hearing within approximately ten (10) months after entry of a scheduling order, at a specific date and time to be later set by the Court.

**B. Defendant TCS's Proposal: "Streamlined" Procedures**

TCS (Counterclaim-Plaintiff and patentee) believes that in view of the requested royalty schedule in the January 12, 2009 Notice of Infringement, TCS may claim in damages a royalty as low as $5,000. The actual claim will depend on data in the exclusive possession of Newegg. Since the damages claim might be very small (especially for a patent case), TCS will seek a streamlined procedure to secure the just, speedy and inexpensive resolution of this action (Fed. R. Civ. P. 1). TCS will propose discovery limitations and a short trial to reflect such streamlined procedures in connection with the Rule 26(f) report (which so far is not yet

due). As such, TCS believes that patent-specific procedures – while helpful in many patent cases – create expenses and inefficiencies in this case that cannot be justified. Properly crafted (and answered) interrogatories already satisfy most if not all of the aims of such patent-specific procedures. TCS believes trial can be scheduled for November 2009 if the Court adopts a streamlined procedure.

DATED:  July 23, 2009

Respectfully Submitted,

| | |
|---|---|
| *For Plaintiff Newegg Inc.* | *For Defendant TeleCommunication Systems, Inc.* |
| /s/<br>June E. Cohan (Bar No. 17619) | /s/<br>Robert P. Greenspoon, admitted *pro hac vice*<br>(signed by June E. Cohan with permission of Robert P. Greenspoon) |
| June E. Cohan (Bar No. 17619)<br>EDELL SHAPIRO & FINNAN, LLC<br>1901 Research Blvd., Suite 400<br>Rockville, MD 20850<br>Tel: 240.864.2429<br>Fax: 301.762.4056<br>jcohan@usiplaw.com | Jeffrey A. Dunn (Bar No. 02956)<br>Anthony R. Kratz (Bar No. 28618)<br>VENABLE LLP<br>750 E. Pratt Street<br>Baltimore, MD 21202<br>Tel: 410.528.2872<br>Fax: 410.244.7142<br>jadunn@Venable.com<br>akratz@venable.com |
| John N. Zarian, admitted *pro hac vice*<br>Lane M. Chitwood, admitted *pro hac vice*<br>ZARIAN MIDGLEY & JOHNSON PLLC<br>University Plaza<br>960 Broadway Avenue, Suite 250<br>Boise, ID 83706<br>Tel: 208.562.4900<br>Fax: 208.562.4901<br>zarian@zarianmidgley.com<br>chitwood@zarianmidgley.com | William W. Flachsbart, admitted *pro hac vice*<br>Robert P. Greenspoon, admitted *pro hac vice*<br>Michael R. La Porte, admitted *pro hac vice*<br>FLACHSBART & GREENSPOON, LLC<br>The Monadnock Building<br>53 W. Jackson Blvd., Suite 652<br>Chicago, IL 60604<br>Tel: 312.431.3800<br>Fax: 312.431.3810<br>wwf@fg-law.com<br>rpg@fg-law.com<br>mrl@fg-law.com |

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2009, a copy of the foregoing **JOINT STATUS REPORT**, which was electronically filed in this case, was served upon the following counsel for Defendant TeleCommunication Systems, Inc., via the Court's CM/ECF system per Local Rule 102(1)(c) or via e-mail:

| | |
|---|---|
| Jeffrey A. Dunn<br>Anthony R. Kratz<br>VENABLE LLP<br>750 E. Pratt Street<br>Baltimore, MD 21202<br>Tel: 410.528.2872<br>Fax: 410.244.7142<br>jadunn@venable.com<br>akratz@venable.com | William W. Flachsbart<br>Robert P. Greenspoon<br>Michael R. La Porte<br>FLACHSBART & GREENSPOON, LLC<br>The Monadnock Building<br>53 W. Jackson Blvd., Suite 652<br>Chicago, IL 60604<br>Tel: 312.431.3800<br>Fax: 312.431.3810<br>wwf@fg-law.com<br>rpg@fg-law.com<br>mrl@fg-law.com |

　　　　　　　　　　　　　　　　　　　/s/
June E. Cohan (Bar No. 17619)
EDELL SHAPIRO & FINNAN, LLC
1901 Research Blvd., Suite 400
Rockville, MD 20850
Tel: 240.864.2429
Fax: 301.762.4056
jcohan@usiplaw.com

*Counsel for Plaintiff Newegg Inc.*